(No. 80560

THE PEOPLE OF THE STATE OF ILLINOIS, Appellee, v. ELVIO LAVARIEGA, Appellant.

*Opinion filed January 30, 1997.*

Mark A. Rouleau, of Rockford, for appellant.

James E. Ryan, Attorney General, of Springfield (Barbara A. Preiner, Solicitor General, and Arleen C. Anderson and Lisa Anne Hoffman, Assistant Attorneys General, of Chicago, of counsel), for the People.

CHIEF JUSTICE HEIPLE delivered the opinion of the court:

Defendant, Elvio Lavariega, was arrested and charged with driving under the influence of alcohol (hereinafter DUI). 625 ILCS 5/11—501(a)(2) (West 1994). Immediately following his arrest, defendant refused to consent to or failed to complete a blood-alcohol test and his driver's license was summarily suspended under the implied-consent statute. 625 ILCS 5/11—501.1 *et seq.* (West 1994). The circuit court of Winnebago County refused to rescind the suspension in a subsequent rescission hearing. Thereafter, defendant filed a motion to dismiss the DUI prosecution proceeding against him, arguing that it constituted an attempt to subject him to an additional punishment for the same offense in violation of the double jeopardy clauses of the United States

and Illinois Constitutions. After defendant's double jeopardy motion was denied, defendant filed an interlocutory appeal raising the same argument. 145 Ill. 2d R. 604(f). The appellate court held that the summary suspension of defendant's driver's license did not constitute punishment for double jeopardy purposes and therefore that prosecution for DUI was not barred by the license suspension. No. 2—95—0595 (unpublished order under Supreme Court Rule 23). This court accepted defendant's petition for leave to appeal (155 Ill. 2d R. 315) and, for the following reasons, we affirm.

## ANALYSIS

Defendant argues that by suspending his driver's license and subsequently prosecuting him for DUI for the same incident, the State is violating the prohibition against multiple punishments contained in the Illinois and United States Constitutions. Ill. Const. 1970, art. I, § 10 ("[n]o person shall *** be twice put in jeopardy for the same offense"); U.S. Const., amend. V ("[n]o person *** shall *** be subject for the same offence to be twice put in jeopardy of life or limb"). As a threshold matter, then, it must be determined whether the summary suspension of defendant's license pursuant to the implied-consent statute constitutes punishment.

We observe that the Supreme Court has employed different analyses in determining whether taxes, fines and civil forfeitures constitute punishment. Considering these, we find that the summary suspension of a driver's license most resembles the civil forfeiture of property, though we are cognizant that it is not the license, *per se*, that is proceeded against in a summary suspension proceeding. Accordingly, to determine whether this sanction is punishment for purposes of the United States Constitution's double jeopardy clause, we consider whether the General Assembly intended the proceedings to be civil and, if so, whether the proceedings are

nevertheless so punitive in fact as to persuade the court that the proceedings may not be legitimately viewed as civil in nature despite Congress' intent. See *United States v. Ursery*, 518 U.S. 267, 288, 135 L. Ed. 2d 549, 568, 116 S. Ct. 2135, 2147 (1996), quoting *89 Firearms*, 465 U.S. at 366, 79 L. Ed. 2d at 371, 104 S. Ct. at 1107 (applying the same analysis to congressional forfeiture statutes); *In re P.S.*, 175 Ill. 2d 79 (1997). If not, then the civil sanction does not constitute punishment.

Applying this test we initially observe that the General Assembly expressly provided that the summary suspension proceeding under the implied-consent statute is a civil proceeding. 625 ILCS 5/2—118.1(b) (West 1994) (a summary suspension "hearing shall proceed in the court in the same manner as in other *civil* proceedings" (emphasis added)). A legislature demonstrates its intent most directly by the procedural mechanisms it establishes to impose and enforce the sanction. See *Ursery*, 518 U.S. at 288, 135 L. Ed. 2d at 568, 116 S. Ct. at 2147, citing *89 Firearms*, 465 U.S. at 363, 79 L. Ed. 2d at 368-69, 104 S. Ct. at 1105. Indeed, this court has previously determined that the summary suspension is a civil sanction where it ruled that the driver bears the burden of proof in a summary suspension hearing. *People v. Orth*, 124 Ill. 2d 326 (1988); see also *Ursery*, 518 U.S. at 288-89, 135 L. Ed. 2d at 568-69, 116 S. Ct. at 2147-48 (finding who bears the burden significant in determining whether the sanction is civil or criminal). Accordingly, we find that the legislature intended the sanction to be civil in nature.

We next consider whether the statutory summary suspension of a driver's license under the implied-consent statute is so punitive that it is equivalent to a criminal proceeding, irrespective of the legislature's intent. In making this determination, the court requires the "clearest proof" and considers, *inter alia:* (1) whether

important nonpunitive goals are advanced by the statute; (2) whether the civil sanction has been traditionally regarded as punishment; and (3) whether the civil sanction requires *scienter*. *Ursery*, 518 U.S. at 291, 135 L. Ed. 2d at 570, 116 S. Ct. at 2148-49.

Regarding these factors, we first observe that the summary suspension of a license for the failure to pass a blood-alcohol test advances the important policy goal of keeping the roads safe from intoxicated drivers. *People v. Esposito*, 121 Ill. 2d 491 (1988) (the state has a compelling interest in protecting the public from drunk drivers). As the statute itself declares:

> "[T]he driver who is impaired by alcohol or other drugs is a threat to the public safety and welfare. Therefore, to provide a deterrent to such practice and to remove problem drivers from the highway, a statutory summary driver's license suspension is appropriate." 625 ILCS 5/6—206.1 (West 1994).

Defendant argues that the statement shows that the suspension is punishment since it purports to provide a "deterrent" to drunk driving. However, a civil sanction need not be *solely* remedial in order to be nonpunitive under the double jeopardy clause. *Ursery*, 518 U.S. at 284 n.2, 135 L. Ed. 2d at 566 n.2, 116 S. Ct. at 2145 n.2 ("it is hard to imagine a sanction that has no punitive aspect whatsoever").

Also, Illinois courts have traditionally viewed the purpose of a driver's license suspension as being remedial and nonpunitive. *People v. Kobylak*, 383 Ill. 432, 435 (1943) (revocation of a driver's license is part of the regulatory measures under the police power of the state governing traffic upon the highways and is not part of the punishment administered by the court); *People v. Esposito*, 121 Ill. 2d 491 (1988) (implied-consent concept and the statutory summary suspension procedure were intended to protect the public, not to punish the licensee); *People v. Wegielnik*, 152 Ill. 2d 418 (1992) (implied-

consent statute remedial in that its overriding purpose is to make the roads safer).

Finally, we observe that there is no *scienter* element to the statutory summary suspension provision, further suggesting that it is not intended as punishment. 625 ILCS 5/11—501.1 *et seq.* (West 1994); *Ursery*, 518 U.S. at 291, 135 L. Ed. 2d at 570, 116 S. Ct. at 2149. Defendant counters that the suspension is punitive because the statute provides defenses which allow the suspension to be rescinded, thus indicating the retributive purpose of the statute. However, as the Court in *Ursery* noted, the mere presence of innocence defenses to a civil sanction is irrelevant to whether the sanction is punitive under the double jeopardy clause. *Ursery*, 518 U.S. at 291, 135 L. Ed. 2d at 570, 116 S. Ct. at 2149.

Accordingly, we hold that the summary suspension of defendant's driver's license was not punishment for purposes of the United States Constitution's double jeopardy clause. Insofar as this court has continuously classified the instant summary suspension proceeding as primarily nonpunitive, with the remedial goal of making roads safer by removing drunk drivers, we similarly conclude that the summary suspension is not punishment for purposes of the Illinois Constitution's double jeopardy clause. *See People v. Orth*, 124 Ill. 2d at 337 (suspension proceeding civil in nature); *Esposito*, 121 Ill. 2d at 503 (suspension intended to reduce the risks attendant to drunk driving). Thus there exists no double jeopardy bar to a subsequent DUI prosecution based on the same driving incident.

## CONCLUSION

For the foregoing reasons, we find that the statutory summary suspension of a driver's license because of a failed blood-alcohol test is not punishment for double jeopardy purposes and therefore does not bar a subsequent criminal prosecution for driving under the influ-

ence of alcohol. We affirm the decisions of the circuit court and the appellate court.

*Affirmed.*