*In re* K.B., a Minor (The People of the State of Illinois, Petitioner-Appellant, v. K.B., a Minor, Respondent-Appellee).

First District (3rd Division)    No. 1—98—0090

Opinion filed December 4, 1998.

Richard A. Devine, State's Attorney, of Chicago (Renee Goldfarb, Jon J. Walters, and Kenneth Fiedler, Assistant State's Attorneys, of counsel), for the People.

Rita A. Fry, Public Defender, of Chicago (Suzanne A. Isaacson, Assistant Public Defender, of counsel), for appellee.

JUSTICE CERDA delivered the opinion of the court:

The State appeals from an order of the circuit court of Cook County which dismissed the petition for adjudication of wardship filed against respondent, K.B., on grounds of double jeopardy. The State contends that the delinquency proceeding was not foreclosed by respondent's prior expulsion from school for the same conduct and that the court erred in dismissing the petition.

On March 5, 1997, 15-year-old K.B. was found in possession of 4.2 grams of cannabis at her high school. She admitted to school authorities that she had brought the substance to school with the intent to sell it as she had in the past. After a meeting pursuant to section 10—22.6 of the School Code (105 ILCS 5/10—22.6 (West 1996)), the school board expelled respondent from school for two years, the maximum allowed under that statute.

On April 17, 1997, a petition for adjudication of wardship was filed against respondent alleging that she was delinquent based on her March 5, 1997, possession of cannabis and possession of cannabis in her high school with the intent to deliver it. Prior to the adjudicatory hearing, respondent filed a motion to dismiss the petition on grounds of double jeopardy. She maintained that her two-year school expulsion for the same conduct constituted "punishment" within the meaning

of the double jeopardy clause of the United States Constitution and barred any further punishment.

At the hearing on her motion, the State argued that double jeopardy did not arise since respondent's expulsion from school was the result of an administrative action by the high school board which did not involve the court system. Respondent answered that the penalty imposed was severe enough to constitute punishment and first jeopardy.

Before announcing its decision on respondent's motion, the circuit court reviewed the history of the case, as set forth above, and the disposition reached by the school board. The court found that the two-year expulsion, with no alternative school plan, served no legitimate remedial purpose and was punishment. Based on this finding, the court concluded that any further adjudication for the same conduct would violate her constitutional protection against double jeopardy and granted respondent's motion to dismiss the delinquency petition. The court subsequently denied the State's motion for reconsideration.

In this appeal, the State challenges the propriety of the court's ruling. The State claims that the court's reliance on *United States v. Halper*, 490 U.S. 435, 104 L. Ed. 2d 487, 109 S. Ct. 1892 (1989), was misplaced, citing the Supreme Court case of *Hudson v. United States*, 522 U.S. 93, 139 L. Ed. 2d 450, 118 S. Ct. 488 (1997), and the resolution of a nearly identical issue in *In re S.J.*, 291 Ill. App. 3d 703 (1997). We agree and reverse.

■ The double jeopardy clause provides that no person shall "be subject for the same offence to be twice put in jeopardy of life or limb." U.S. Const., amend. V. This clause, which has been applied to juvenile proceedings (*Breed v. Jones*, 421 U.S. 519, 528-31, 44 L. Ed. 2d 346, 354-56, 95 S. Ct. 1779, 1785-86 (1975)), protects, *inter alia*, against multiple punishments for the same offense. *Halper*, 490 U.S. at 440, 104 L. Ed. 2d at 496, 109 S. Ct. at 1897. It precludes the government from punishing a person twice or attempting to criminally punish a person for the same offense a second time. *United States v. Ursery*, 518 U.S. 267, 273, 135 L. Ed. 2d 549, 558, 116 S. Ct. 2135, 2139 (1996) (citing cases).

■ Respondent claims that her expulsion from school for the maximum period allowed by law was not remedial, but "punitive in character," bringing it within the ambit of the double jeopardy clause. In support of that conclusion she relies on *Halper*, 490 U.S. at 448, 104 L. Ed. 2d at 502, 109 S. Ct. at 1902, where the Supreme Court held that where a civil sanction cannot fairly be said *solely* to serve a remedial purpose, but can only be explained as serving purposes of retribution or deterrence, it is punishment, invoking the double jeopardy clause.

In *Hudson*, 522 U.S. at ___, 139 L. Ed. 2d at 460, 118 S. Ct. at 494, the Supreme Court found the analysis employed by *Halper* to be an "ill-considered" deviation from traditional double jeopardy principles and acknowledged that the *Halper* test had proved unworkable in subsequent cases. The Court recognized that all civil penalties have some deterrent effect and that if a sanction had to be *"solely"* remedial to avoid implicating the double jeopardy clause, no civil penalties would be beyond its scope. *Hudson*, 522 U.S. at 101-02, 139 L. Ed. 2d at 460-61, 118 S. Ct. at 494-95.

Citing Supreme Court cases that preceded *Hudson*, Illinois courts had determined that the Supreme Court had not set forth an inflexible test that automatically classified a sanction as punishment unless it could fairly be said to *solely* serve a remedial purpose. Based on that determination, the courts in *People v. Lavariega*, 175 Ill. 2d 153, 157-59 (1997), and *People v. Dvorak*, 276 Ill. App. 3d 544, 549, 552-53 (1995), concluded that the summary suspension of a defendant's driver's license was not punishment under the double jeopardy clause and would not bar further prosecution on the underlying conduct.

In *S.J.*, a case nearly identical to that at bar but decided before *Hudson*, the reviewing court reversed the trial court's dismissal of a delinquency petition based on double jeopardy grounds. The court in *S.J.*, 291 Ill. App. 3d at 706, found that the school board's expulsion of respondent for physically assaulting the high school principal was remedial in nature and did not implicate constitutional double jeopardy principles. In reaching this conclusion the court observed that the school district was not compelled to permit dangerous persons on the premises and that the exclusion of such persons from it was a way to protect all those rightfully there to learn or work. *S.J.*, 291 Ill. App. 3d at 706. Similar concerns were expressed in *Wilson v. Collinsville Community Unit School District No. 10*, 116 Ill. App. 3d 557, 562 (1983), where the court affirmed a student's expulsion by the board, noting the negative impact on the school population and environment which results from the dissemination of drugs on a high school campus.

■ In this case, considerations of the larger school community support the conclusion that respondent's expulsion for her acknowledged drug activity was remedial in nature, rather than punishment, in that it removed a disruptive activity with potentially serious consequences to the overall educational setting. Additionally, the fact that respondent feels that she is being punished by her expulsion from school (*S.J.*, 291 Ill. App. 3d at 706) or that others may be deterred from similar conduct in the future does not render the sanction criminally punitive (*Hudson*, 522 U.S. at 104, 139 L. Ed. 2d at 462, 118 S. Ct. at 496; *Ursery*, 518 U.S. at 290, 135 L. Ed. 2d at 569, 116 S. Ct. at 2148)

and bar an adjudicatory hearing on the narcotics offenses since the determination of whether a sanction constitutes punishment is not made from respondent's perspective. *Dvorak*, 276 Ill. App. 3d at 549 and cases cited therein.

For these reasons, we find that the circuit court erred in granting respondent's motion to dismiss the petition for adjudication of wardship. Accordingly, we reverse that order and remand the cause for further proceedings.

Reversed and remanded.

CAHILL, P.J., and LEAVITT, J., concur.