Docket No. 108189.

# IN THE
# SUPREME COURT
# OF
# THE STATE OF ILLINOIS

THE PEOPLE OF THE STATE OF ILLINOIS, Appellee, v. JORGE NUNEZ, Appellant.

*Opinion filed March 18, 2010.*

JUSTICE GARMAN delivered the judgment of the court, with opinion.

Chief Justice Fitzgerald and Justices Freeman, Thomas, Kilbride, Karmeier, and Burke concurred in the judgment and opinion.

## OPINION

Following a bench trial in the circuit court of Cook County, defendant Jorge Nunez was convicted of one count of aggravated driving under the influence of a drug or combination of drugs during a period in which his driver's license was suspended or revoked (aggravated DUI), in violation of sections 11–501(a)(4) and (c–1)(2.1) of the Illinois Vehicle Code (Vehicle Code) (625 ILCS 5/11–501(a)(4), (c–1)(2.1) (West 2006)), and one count of driving while his driver's license was suspended or revoked (DWLR), in violation of section 6–303(d) of the Vehicle Code (625 ILCS 5/6–303(d) (West 2006)). Defendant was sentenced to two concurrent terms of two years' imprisonment.

## BACKGROUND

On the evening of November 22, 2006, Deputy Sheriff David Barber was in a parking lot writing parking tickets when a man drove up, got out of his car, and inspected the passenger side of the car. Barber identified defendant as the man. Two women then drove up and told Barber that defendant had struck their car. Just as this was happening, Barber got a call about a hit-and-run and a vehicle that fled the scene. Defendant got back into his car and drove off. Barber followed him and, after defendant ran several stop signs, Barber activated his emergency lights and pulled defendant's car over. When asked for his driver's license, defendant stated he did not have one. Barber smelled the odor of cannabis coming from defendant's car. When he got out of the car, defendant stumbled and his eyes were bloodshot and his speech was slurred. Barber detected the faint odor of alcohol on defendant's breath. It was Barber's opinion that defendant was unable to drive the car due to being under the influence of drugs and alcohol. Defendant told Barber he was "high" and he was going to lose his job. After receiving his *Miranda* warnings, defendant refused to answer any questions and he refused to take a breath test. Barber and another officer searched defendant's car and found a half-smoked marijuana cigarette under the driver's seat. While Barber was still on the scene, the two women drove up and identified defendant as the driver who hit their car.

Following the conclusion of evidence, the trial court entered verdicts of guilty on count I (aggravated DUI) and count V (DWLR) of the information. The trial court sentenced defendant as stated. On appeal, defendant argued that his conviction for DWLR should be vacated under one-act, one-crime principles. The State agreed, citing this court's decision in *People v. King*, 66 Ill. 2d 551, 566 (1977). In a summary order, the appellate court refused the State's concession, holding that, although the act of driving was involved in both offenses, defendant was convicted and sentenced based on two separate, but simultaneous, acts. The court relied on *People v. DiPace*, 354 Ill. App. 3d 104, 115-17 (2004). The appellate court also amended defendant's fines, costs, and fees order to reflect a $5-per-day credit for time spent in custody. No. 1–07–2290 (unpublished order under Supreme Court Rule 23(c)). This court granted defendant's petition for leave to appeal. 210 Ill. 2d R. 315. For the

-2-

reasons that follow, we affirm the appellate court's judgment, although we do so on different grounds.

ANALYSIS

Defendant's aggravated DUI charge was based on the fact that he committed a violation of section 11–501 of the Vehicle Code for the third time, during a period in which his driving privileges were revoked, and the revocation was for two previous violations of section 11–501, one violation occurring on November 20, 1999, and the other violation occurring on January 26, 2002. This elevated the offense to a Class 3 felony. The DWLR charge was based on the fact that defendant drove his vehicle at a time when his driver's license was revoked for a previous violation of section 11–501 of the Vehicle Code and he had been previously convicted of a violation of section 6–303 of the Vehicle Code on May 10, 2000.

Defendant makes two arguments in this appeal. First, he argues, as he did in the appellate court, that his conviction for DWLR should be vacated under one-act, one-crime principles. Secondly, he argues that if this court rejects his first argument, we should nonetheless find that his conviction for DWLR must be vacated because that offense is a lesser-included offense of aggravated DUI.

Whether a defendant has been improperly convicted of multiple offenses based upon the same act and whether a charge encompasses another as a lesser-included offense are questions of law that this court reviews *de novo*. *People v. Artis*, 232 Ill. 2d 156, 161 (2009); *People v. Kolton*, 219 Ill. 2d 353, 361 (2006).

Before we address the merits of defendant's first argument, we observe that the State conceded in the appellate court that both of defendant's convictions were based on the same physical act and that, therefore, the conviction for DWLR must be vacated. In this court, the State now argues that the appellate court was correct in holding that no one-act, one-crime violation occurred and it also argues that it has not "waived" review of this issue. We agree that the State is not estopped from making its argument in this court. We have recently noted that a reviewing court is not bound by a party's concession. *People v. Horrell*, 235 Ill. 2d 235, 241 (2009) (citing *Beacham v. Walker*, 231 Ill. 2d 51, 60 (2008), and *People v. Kliner*, 185 Ill. 2d 81,

116 (1998)).

Defendant acknowledges that his one-act, one-crime argument was not raised before the trial court and that it is therefore forfeited. The appellate court did not address the issue of forfeiture and simply decided the issue as though it had been properly preserved for review. Defendant asserts that we should address his argument under the plain-error doctrine and we agree. As we stated in *Artis*, forfeited one-act, one-crime arguments are properly reviewed under the second prong of the plain-error rule because they implicate the integrity of the judicial process. *Artis*, 232 Ill. 2d at 167-68, citing *People v. Harvey*, 211 Ill. 2d 368, 389 (2004). We now turn to the parties' arguments.

This court described the one-act, one-crime doctrine in *People v. King*, 66 Ill. 2d 551 (1977):

> "Prejudice results to the defendant only in those instances where more than one offense is carved from the same physical act. Prejudice, with regard to multiple acts, exists only when the defendant is convicted of more than one offense, some of which are, by definition, lesser included offenses. Multiple convictions and concurrent sentences should be permitted in all other cases where a defendant has committed several acts, despite the interrelationship of those acts. 'Act,' when used in this sense, is intended to mean any overt or outward manifestation which will support a different offense. We hold, therefore, that when more than one offense arises from a series of incidental or closely related acts and the offenses are not, by definition, lesser included offenses, convictions with concurrent sentences can be entered." *King*, 66 Ill. 2d at 566.

In *People v. Rodriguez*, 169 Ill. 2d 183, 186 (1996), this court clarified the *King* doctrine, noting that, in a one-act, one-crime analysis, a court must first determine whether a defendant's conduct consists of one act or several acts. Multiple convictions are improper if they are based on precisely the same physical act. If it is determined that the defendant committed multiple acts, the court goes on to determine whether any of the offenses are lesser-included offenses. If so, then, under *King*, multiple convictions are improper.

The appellate court in this case relied on *DiPace*, a 2004 decision

-4-

from the Second District. There, the defendant was convicted of Class 2 felony DUI and Class 4 felony DWLR. On appeal, the defendant argued that he could not be convicted of both offenses because they were each based on the single physical act of driving. The appellate court rejected this argument, noting that there is nothing criminal in driving, *per se*. Instead, it is a defendant's *culpable* physical act–one that will support an offense–that is the "act" for one-act, one-crime purposes. *DiPace*, 354 Ill. App. 3d at 116.

Defendant argues that *DiPace* was wrongly decided. He argues that the only physical act involved in both of his offenses was the driving of his car. The State argues that it was not just the act of driving, but rather the act of driving plus the "acts" of being intoxicated and having no valid license that constitute the multiple acts underlying defendant's offenses. The State notes that this court stated in *King* that an "act" is "any overt or outward manifestation *which will support a different offense.*" (Emphasis added.) *King*, 66 Ill. 2d at 566. The State believes this means that the simple act of driving will not support an offense and that some other additional culpable act is required.

Section 11–501(b–1)(2) of the Vehicle Code controls the disposition of this case. This section was created by Public Act 93–800 (Pub. Act 93–800, §5, eff. January 1, 2005).

The section provides:

> "Any penalty imposed for driving with a license that has been revoked for a previous violation of subsection (a) of this Section shall be in addition to the penalty imposed for any subsequent violation of subsection (a)." 625 ILCS 5/11–501(b–1)(2) (West 2006).

The canons of statutory construction are familiar. A reviewing court's objective is to give effect to the intent of the legislature. *In re Madison H.*, 215 Ill. 2d 364, 372 (2005). The best indication of that intent is the language of the statute, which must be given its plain and ordinary meaning. *People v. Christopherson*, 231 Ill. 2d 449, 454 (2008). When the statutory language is clear and unambiguous, it is unnecessary to resort to other aids of interpretation. *People v. Savory*, 197 Ill. 2d 203, 213 (2001).

The plain language of section 11–501(b–1)(2) of the Vehicle

Code mandates that the penalty for defendant's DWLR conviction be in addition to the penalty for his aggravated DUI conviction. Defendant was convicted of DWLR based on the fact that he drove his vehicle at a time when his driver's license was revoked for a previous violation of section 11–501(a). In addition to the DWLR offense, defendant violated section 11–501(a)(4) by driving his vehicle while he was under the influence of a drug or combination of drugs to a degree that rendered him incapable of driving safely. While other factors enhanced the offense to aggravated DUI, we have previously observed that there is but one offense of driving under the influence. *People v. Van Schoyck*, 232 Ill. 2d 330, 337 (2009).

Here, there is no ambiguity. The legislature has expressly provided that the penalty for defendant's conviction for DWLR shall be in addition to the penalty for his conviction for aggravated DUI. Since we are aware of no constitutional principle contravened by the statute, the legislature's intent must be given effect.

We now address defendant's alternative argument that his conviction for DWLR must be vacated because it is a lesser-included offense of aggravated DUI, an issue we review *de novo*. *People v. Kolton*, 219 Ill. 2d 353, 361 (2006).

Defendant argues that all of the elements of DWLR are included in the offense of aggravated DUI. He notes that the information in this case charged him in count I with driving his vehicle while under the influence of drugs during a period in which his driver's license was revoked and the revocation was for a prior DUI offense. Count V charged him with driving his vehicle at a time when his driver's license was revoked, where the revocation was for a DUI offense and he had previously been convicted of DWLR.

A lesser-included offense is one that is composed of some, but not all, of the elements of the greater offense and which does not have any element not included in the greater offense. *People v. Jones*, 149 Ill. 2d 288, 293 (1992).

The State argues, and we agree, that DWLR is not a lesser-included offense of aggravated DUI. In *Van Schoyck*, this court addressed the question of whether there are two different DUI offenses, one a misdemeanor and one a felony. The defendant was initially charged with three DUI offenses by traffic ticket. Later, the

State dismissed those charges and recharged the defendant by information with DUI based on the defendant's driving with a blood-alcohol content over 0.08 while driving on a revoked license, which elevated the DUI offense to a felony. Although the main issue in the case was whether the defendant's motion for a speedy trial applied to the recharged offense or only to the offenses charged by the traffic ticket, this court's discussion of the offense of DUI is instructive. The State argued that there were four charges against the defendant, three misdemeanors and one felony. The State maintained that the speedy-trial motion applied only to the misdemeanor charges. This court rejected that argument, holding that, under the plain language of the DUI statute, there was only one offense of driving under the influence. The court noted that the statute designates any violation of subsection (a) as a misdemeanor. Subsection (c) of the statute contains a list of factors that enhance the misdemeanor to various different classes of felonies. Thus, the enhancing factors that elevated the defendant's offense to a felony did not create a new offense, but merely served to enhance the punishment. Citing *People v. Quigley*, 183 Ill. 2d 1, 10 (1998), this court found that the essential and underlying criminal act is the same for misdemeanor and felony DUI, *i.e.*, driving under the influence of alcohol or drugs. *Van Schoyck*, 232 Ill. 2d at 337. The court also observed that section 111–3(c) of the Criminal Code of 1961 specifically provides that when the State seeks an enhanced sentence through the use of a prior conviction, the fact of the conviction and the State's intention to seek the enhanced penalty are not elements of the offense. Thus, because the recharged DUI in *Van Schoyck* did not allege a different offense, this court held the speedy-trial demand was applicable to the recharged offense. *Van Schoyck*, 232 Ill. 2d at 338-40.

Defendant contends that *Van Schoyck* is inapplicable. He acknowledges that his prior convictions for DUI and DWLR were sentence enhancements and not elements of the aggravated DUI offense. He argues, however, that proof that he drove with a revoked license was an element of both his offenses. He asserts that section 111–3 of the Criminal Code does not apply because revocation of a driver's license is "a civil sanction, not a criminal conviction." Thus, defendant claims that the State was required to prove "the element that [his] license was revoked at the time he operated his vehicle

pursuant to the indictment."

We reject defendant's argument. In arguing that section 111–3 does not apply because revocation of a driver's license is a civil sanction, defendant cites this court's decision in *People v. Lavariega*, 175 Ill. 2d 153 (1997). There, the defendant was charged with DUI. Following his arrest, he refused to complete a blood-alcohol test and his driver's license was summarily suspended under the implied-consent statute. The trial court refused to rescind the suspension. The defendant moved to dismiss the DUI charge, arguing that the DUI prosecution violated double jeopardy and was barred by the suspension of his license. The trial court denied the motion and the appellate court affirmed. On further appeal, this court addressed the question of whether the summary suspension of the defendant's driver's license constituted punishment. The court noted that the legislature had expressly provided that the summary suspension proceeding is a civil proceeding. The court also observed that summary suspension advances the goal of keeping the roads safe from intoxicated drivers, the courts have traditionally viewed summary suspension proceedings as remedial and nonpunitive, and there is no *scienter* element in the statute, further suggesting that summary suspension is not intended as punishment. Thus, this court held that the summary suspension of the defendant's driver's license was not punishment for purposes of double jeopardy. *Lavariega*, 175 Ill. 2d at 156-58.

Defendant's reliance on *Lavariega* is misplaced. That case concerned summary suspension, which this court held is a civil proceeding, while the present case involves a criminal proceeding. Defendant drove while his driver's license was *revoked*. He was not subject to summary suspension. His offense is punishable as a Class 4 felony. That defendant's driver's license was revoked at the time he drove while under the influence of drugs is not an element of the DUI offense; rather, it was a factor that served to enhance the sentence classification for the DUI from a misdemeanor to a Class 3 felony. Thus, as a matter of law, defendant's DWLR offense was not a lesser-included offense of aggravated DUI.

CONCLUSION

-8-

We hold that defendant was properly convicted of both aggravated DUI and DWLR. We further hold that DWLR is not a lesser-included offense of aggravated DUI. Accordingly, we affirm the appellate court's judgment.

*Appellate court judgment affirmed.*