2022 IL App (1st) 200049-U

No. 1-20-0049

Order filed June 1, 2022

Third Division

**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

_____

IN THE

APPELLATE COURT OF ILLINOIS

FIRST DISTRICT

_____

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellee, | ) | Cook County. |
| | ) | |
| v. | ) | No. 17 CR 13159 |
| | ) | |
| JEREMIAH BETHEL, | ) | Honorable |
| | ) | Neera L. Walsh, |
| Defendant-Appellant. | ) | Judge, presiding. |

_____

JUSTICE BURKE delivered the judgment of the court.
Presiding Justice Gordon and Justice Ellis concurred in the judgment.

**ORDER**

¶ 1     *Held*:  We affirm defendant's convictions for felony resisting or obstructing a peace officer over his contention that the State failed to prove him guilty beyond a reasonable doubt.

¶ 2     Following a bench trial, defendant Jeremiah Bethel was found guilty of two counts of the Class 4 felony of resisting or obstructing a peace officer (720 ILCS 5/31-1(a-7) (West 2016)) and sentenced to two years' probation. On appeal, defendant contends the State did not establish that

he proximately caused injury to the two officers involved in the incident, and so we should reduce his felony convictions to misdemeanors. We affirm.

¶ 3 Defendant was charged by information with two counts of resisting or obstructing two peace officers, University of Chicago police officers Mike Styrcula and Taylor, on August 29, 2017, and proximately causing injury to both.[1]

¶ 4 At trial, Officer Styrcula testified that on August 29, 2017, at approximately 12:21 p.m., he and Officer Rios Garcia responded to a reported trespass at the Bernard Mitchell Hospital on the University of Chicago campus. When Officer Styrcula arrived, he saw defendant, whom he recognized from a different incident, sitting in the lobby and speaking with a security guard. After he spoke with security personnel and hospital management, Officer Styrcula intended to arrest defendant.

¶ 5 Defendant moved 10 feet from Officers Styrcula and Garcia, took a "fighting stance," and said, "[l]et me go, I'm not getting arrested." Officer Styrcula radioed for assistance and attempted to deescalate the situation by speaking with defendant and requesting he place his hands behind his back. Defendant maintained his "fighting stance" and remained uncooperative. Officer Garcia attempted to grab one of defendant's arms, but defendant moved his arms away.

¶ 6 After approximately five officers arrived and assisted with bringing defendant to the ground in an emergency takedown. Officer Styrcula grabbed defendant's left arm and wrist to affix a handcuff, as defendant was "constantly moving" and trying to pull himself free.

¶ 7 Both Officer Styrcula and Officer Garcia wore body cameras during the incident, and Officer Styrcula testified that he reviewed footage from Garcia's body camera, which accurately

---

[1] Officer Taylor's first name does not appear in the record on appeal.

depicted the events. The State introduced the footage into evidence and published a portion of the footage, which is included in the record on appeal.

¶ 8    The footage shows Officers Styrcula and Garcia approach defendant as he is sitting in the hospital lobby. They tell him they are arresting him for trespassing. Defendant rises, walks a few feet from the officers, and removes a ring from his left hand. The officers repeatedly ask him to turn around, but he becomes hostile and uncooperative, exhibits agitated body language, and yells at the officers and hospital staff. Defendant then raises his arms, continues to yell, and refuses to cooperate with the officers.

¶ 9    After a few minutes, the officers slowly approach defendant and grab him. The officers take defendant to the ground as he struggles, and they grab his arms. During this time, several other officers arrive and assist in subduing defendant. The officers then raise defendant from the ground, pat him down, and lead him from the lobby as he continues to yell.

¶ 10    Officer Styrcula further testified that after he stood, he noticed his left hand was cut and bleeding, although he was unaware of the cause. His hand was uninjured before he "went to the ground." The approximately one-inch laceration was throbbing and painful, and Officer Styrcula was treated at the hospital. Officer Styrcula identified a photograph of his injury, which is included in the record on appeal. The photograph shows a man's left hand with a laceration near the thumb.

¶ 11    On cross-examination, Officer Styrcula stated that he spoke with defendant for approximately 30 minutes prior to the incident depicted in the footage.

¶ 12    Officer Taylor testified that he arrived on scene and saw five officers surrounding defendant and attempting to arrest him. When the officers attempted to grab defendant, he flailed his arms and spoke in a "loud tone." Officer Taylor assisted in the emergency takedown by

grabbing defendant's left shoulder with his left hand and defendant's waist with his right hand. Defendant attempted to push away, so the officers "put him on the ground" where defendant continued to resist and clinched his arms. As they went to the ground, Officer Taylor landed on his left hip, on top of his radio, and felt "pressure." Afterwards, Officer Taylor felt pain on his left hip, noticed bruising above his hip, and was treated in the hospital with Ibuprofen.

¶ 13    Officer Taylor wore a body camera during the incident, and testified that he reviewed the footage, which accurately depicted the events. The State introduced Officer Taylor's footage into evidence and published a portion of the footage, which is included in the record on appeal. The published footage shows the same events as the footage from Officer Garcia's body camera, but from a different angle.

¶ 14    Defendant testified that on August 29, 2017, he was at the University of Chicago Medical Center. When defendant first arrived, he spoke with a security guard about his reasons for being at the hospital and did not believe he was not allowed in the building. When the officers approached, defendant saw that Officer Styrcula had "a wristband on his hand already." Officer Styrcula threatened defendant "a couple times" before this incident.

¶ 15    On cross-examination, defendant stated that, prior to the incident, hospital personnel had told him that he could not return to the hospital. On August 29, 2017, defendant neither was injured nor received medical attention at the hospital.

¶ 16    In closing, defense counsel argued that the State failed to prove defendant proximately caused an injury to either testifying officer, so "the only thing that [defendant] may be guilty of" was misdemeanor resisting arrest.

¶ 17    The court found defendant guilty of the two counts of felony resisting arrest. The court found the officers to be credible and defendant not credible, and that the officers' testimony, along with the photographic and video evidence, showed that defendant proximately caused their injuries.

¶ 18    The court denied defendant's motion for a new trial.[2] After a hearing, the court sentenced defendant to concurrent terms of two years' probation on each count. Defendant did not file a motion to reconsider sentence.

¶ 19    On appeal, defendant argues the State failed to prove beyond a reasonable doubt that his conduct proximately caused the officers' injuries because the State presented no evidence of how Officer Styrcula received the cut on his hand, and the assertion that defendant caused Officer Taylor's injury was "too speculative." Therefore, defendant requests that we reduce his felony convictions to misdemeanors.

¶ 20    The standard of review for a challenge to the sufficiency of the evidence is "whether, viewing the evidence in the light most favorable to the State, 'any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.' " *People v. Belknap*, 2014 IL 117094, ¶ 67 (quoting *People v. Collins*, 106 Ill. 2d 237, 261 (1985)). This standard applies whether the evidence is direct or circumstantial. *People v. Wheeler*, 226 Ill. 2d 92, 114 (2007) (citing *People v. Cooper*, 194 Ill. 2d 419, 431 (2000)). The trier of fact resolves conflicts in the testimony, weighs the evidence, and draws reasonable inferences from basic facts to ultimate facts. *People v. Brown*, 2013 IL 114196, ¶ 48. Accordingly, this court will not retry the defendant or

---

[2] The written motion, which the court allowed defendant to file *pro se*, is not included in the record on appeal. Counsel was reappointed to represent defendant at sentencing.

substitute its judgment for that of the trier of fact on the weight of the evidence or credibility of witnesses. *Id*. A reviewing court must allow all reasonable inferences from the record in favor of the prosecution (*People v. Cunningham*, 212 Ill. 2d 274, 280 (2004)) and will not reverse a criminal conviction unless the evidence is "unreasonable, improbable, or so unsatisfactory as to justify a reasonable doubt of the defendant's guilt" (*People v. Jackson*, 232 Ill. 2d 246, 281 (2009)).

¶ 21   Resisting or obstructing a peace officer is a Class A misdemeanor, unless certain criteria apply. 720 ILCS 5/31-1(a) (West 2016). Defendant was charged with Class 4 felony resisting or obstructing a police officer. To prove defendant guilty of the felony offenses as charged, the State had to prove that he knowingly resisted University of Chicago police officers Styrcula and Taylor, whom he knew to be peace officers, during the performance of their official duties, and the violation proximately caused injury to the officers. 720 ILCS 5/31-1(a-7) (West 2016). Defendant only challenges causation.

¶ 22   Proximate cause describes two requirements: cause in fact and legal cause. *People v. Hudson*, 222 Ill. 2d 392, 401 (2006). Cause in fact exists where the defendant's conduct is a material element and substantial factor in bringing about the injury. *People v. Mumaugh*, 2018 IL App (3d) 140961, ¶ 28. This occurs when "absent that conduct, the injury would not have occurred." *Id*. "Legal cause is 'essentially a question of foreseeability'; the relevant inquiry is 'whether the injury is of a type that a reasonable person would see as a likely result of his or her conduct.' " *Hudson*, 222 Ill. 2d at 401 (quoting *First Springfield Bank & Trust v. Galman*, 188 Ill. 2d 252, 258 (2006)).

¶ 23    Viewing the evidence in the light most favorable to the State and drawing all reasonable inferences in its favor, we find a rational trier of fact could have determined that defendant proximately caused Officer Styrcula's and Officer Taylor's injuries.

¶ 24    Officer Styrcula testified that he was uninjured before participating in defendant's emergency takedown, and, after doing so, his left hand was cut and bleeding. Further, Officer Taylor testified that he assisted with the takedown and fell on his hip, which caused pain and bruising. The State introduced a photograph of Officer Styrcula's injury, as well as two videos showing the officers take defendant to the ground as he struggled. Even if the evidence does not establish which particular action caused the officers' injuries, a rational trier of fact could conclude that both injuries occurred during the course of defendant's struggle when the officers performed the takedown. Thus, the court could determine that defendant's conduct was a material element and substantial factor in bringing about the injuries. See *Mumaugh*, 2018 IL App (3d) 140961, ¶ 28.

¶ 25    Additionally, it was foreseeable that the officers would be injured where defendant's refusal to cooperate required the emergency takedown. The testimony and video evidence shows defendant's aggression and refusal to cooperate. The officers attempted to deescalate the situation, but defendant continued to act aggressively. Thus, the officers needed to perform an emergency takedown to subdue defendant, which became violent as defendant struggled. It is reasonably foreseeable that an officer might be injured while attempting to subdue a struggling man. See *People v. Cervantes*, 408 Ill. App. 3d 906, 909-10 (2011) (an officer's injury caused by slipping on ice while chasing a defendant was reasonably foreseeable to establish proximate cause). Thus,

the trial court could reasonably have determined that legal cause existed and, accordingly, that defendant's resistance was the proximate cause of the officers' injuries.

¶ 26 Defendant further contends that even if his conduct were the proximate cause of the injuries, the statute for resisting or obstructing a peace officer does not provide that a *de minimis* injury supports the felony offense. See 720 ILCS 5/31-1(a-7) (West 2016). To that end, defendant cites the statute's legislative history, where the sponsor of the bill stated that the charge of resisting arrest can be upgraded to a felony where the peace officer suffers "great bodily harm." 92d Ill. Gen. Assem., Senate Proceedings, April 4, 2002, at 88-89.

¶ 27 Although defendant cites to the Senate floor debate regarding this provision, he does not suggest that the text of the statute is ambiguous, and thus his reliance on legislative history to interpret the statute is improper. "When the statutory language is clear and unambiguous, it is unnecessary to resort to other aids of interpretation." *People v. Nunez*, 236 Ill. 2d 488, 495 (2010). The language of a statute is ambiguous where it is susceptible to more than one reasonable interpretation. *People v. Boyce*, 2015 IL 117108, ¶ 22. Here, the provision is unambiguous and provides that the offense of resisting or obstructing a peace officer is a Class 4 felony where the conduct causes "injury" to the peace officer. 720 ILCS 5/31-1(a-7) (West 2016). Although no case law defines "injury" in the context of the statute for resisting or obstructing a peace officer, we have defined "injury" in analogous contexts as "an act that hurts, *i.e.*, that causes bodily pain." See *People v. Garrett*, 281 Ill. App. 3d 535, 542 (1996). Thus, the injuries to Officers Styrcula and Taylor qualified as injuries under the statute to elevate the offense to a Class 4 felony where both officers testified they felt pain after defendant's actions.

¶ 28    In his reply brief, defendant contends that without placing some "lower bound" upon the term "injury," a literal reading of the statute would produce absurd results such as elevating an offense to a felony for trivial harms "such as a hangnail." We disagree. As noted, we have defined the term injury as an act which causes "bodily pain." *Id*. Defendant's contention that the literal reading of the term "injury" would cause absurd results is speculative and contrary to the established case law. Here, the State provided evidence that defendant's actions injured Officer Styrcula and Officer Taylor as contemplated by the statute. Thus, the evidence is not so unreasonable, improbable, or unsatisfactory to justify a reasonable doubt of defendant's guilt. See *Jackson*, 232 Ill. 2d at 281.

¶ 29    For the foregoing reasons, we affirm the judgment of the circuit court of Cook County.

¶ 30    Affirmed.