Docket No. 105751.

# IN THE
# SUPREME COURT
# OF
# THE STATE OF ILLINOIS

THE PEOPLE OF THE STATE OF ILLINOIS, Appellant, v. MAURICE A. ARTIS, Appellee.

*Opinion filed January 23, 2009.*

JUSTICE GARMAN delivered the judgment of the court, with opinion.

Chief Justice Fitzgerald and Justices Freeman, Thomas, Kilbride, Karmeier, and Burke concurred in the judgment and opinion.

## OPINION

The issues in this appeal are whether this court should abandon the one-act, one-crime doctrine of *People v. King*, 66 Ill. 2d 551 (1977), and if not, whether the State should be allowed to exercise its prosecutorial discretion on appeal to choose which conviction should survive and which should be vacated, where both offenses are of the same legislative classification.

## BACKGROUND

In September 2003, defendant, Maurice A. Artis, entered a plea of guilty in the circuit court of Will County to two counts of aggravated criminal sexual assault, perpetrated during the course of residential burglary and home invasion (720 ILCS 5/12–14(a)(4) (West 2002)), and one count each of home invasion (720 ILCS

5/12–11(a)(2) (West 2002)), residential burglary (720 ILCS 5/19–3(a) (West 2002)), and unlawful restraint (720 ILCS 5/10–3(a) (West 2002)).

The State's factual basis for the guilty plea was that in the early morning hours of April 1, 2003, defendant broke into the home of A.W. When A.W. confronted defendant, he demanded that she give him $100, which she did. Stating that $100 was not enough, defendant forced A.W. into her bedroom, where he sexually assaulted her. He then tied her to a chair, but she was able to free her hands and call 9-1-1.

The trial court sentenced defendant to concurrent terms of 20 years' imprisonment on the aggravated criminal sexual assault convictions, to be served consecutively to concurrent terms of 15 years for home invasion, 12 years for residential burglary, and an extended-term sentence of 6 years for unlawful restraint. Defendant filed postplea motions, which were denied. The appellate court affirmed defendant's convictions for aggravated criminal sexual assault based on home invasion, and his convictions for residential burglary and unlawful restraint. The court vacated the convictions for aggravated criminal sexual assault based on residential burglary and for home invasion. The court also vacated the extended-term sentence for unlawful restraint and reduced the sentence to the maximum nonextended term of three years. 377 Ill. App. 3d 216.

In the appellate court, defendant argued for the first time that the conviction for aggravated criminal sexual assault based on residential burglary should be vacated because it was based upon the same act of penetration as the sexual assault conviction based on home invasion. Defendant reasoned that the latter conviction was the more serious and, thus, under the one-act, one-crime doctrine, the conviction based upon residential burglary should be vacated. Defendant also argued that his conviction for home invasion should be vacated as a lesser-included offense of aggravated criminal sexual assault committed during the course of home invasion. The State conceded before the appellate court that one of the sexual assault convictions should be vacated based on one-act, one-crime principles; however, the State argued that the sexual assault conviction based upon residential burglary was the more serious conviction and that, in any case, the

State should be allowed to elect which conviction should be vacated, based upon prosecutorial discretion.

The appellate court rejected the State's argument as to the relative seriousness of the sexual assault convictions, noting that (1) home invasion is a Class X offense with a possible sentencing range of 6 to 30 years, whereas residential burglary is a Class 1 offense with a possible sentence of 4 to 15 years, and (2) the elements of the offense of home invasion, as compared with those of residential burglary, demonstrate that home invasion is a more serious offense than residential burglary. The court concluded, based upon existing case law, that the State lacked prosecutorial discretion to elect to vacate what the court viewed as the more serious charge. 377 Ill. App. 3d at 221. We allowed the State's petition for leave to appeal. 210 Ill. 2d R. 315.

ANALYSIS

I. Standard of Review

Where, as here, the issues raised are ones purely of law, our review is *de novo*. *People v. Daniels*, 187 Ill. 2d 301, 307 (1999).

II. One-Act, One-Crime Doctrine

The one-act, one-crime doctrine was articulated by this court in *People v. King*, 66 Ill. 2d 551 (1977) as follows:

> "Prejudice results to the defendant only in those instances where more than one offense is carved from the same physical act. Prejudice, with regard to multiple acts, exists only when the defendant is convicted of more than one offense, some of which are, by definition, lesser included offenses. Multiple convictions and concurrent sentences should be permitted in all other cases where a defendant has committed several acts, despite the interrelationship of those acts. 'Act,' when used in this sense, is intended to mean any overt or outward manifestation which will support a different offense. We hold, therefore, that when more than one offense arises from a series of incidental or closely related acts and the offenses are not, by definition, lesser included offenses, convictions with concurrent sentences can be entered." *King*, 66 Ill. 2d at 566.

-3-

The State argues that this court should abolish the one-act, one-crime doctrine because the rationale for the doctrine no longer exists. That rationale, according to the State, is found in this court's decision in *People v. Schlenger*, 13 Ill. 2d 63 (1958). There, the defendant was convicted of one count of armed robbery and one count of grand larceny. Both charges arose from a taking of money from the same person at the same place and time. The defendant entered pleas of guilty to both counts and received concurrent sentences. On appeal, the defendant argued that he should have been convicted of only one crime, that of armed robbery, and that the sentence for grand larceny was void. He argued that the additional sentence was prejudicial because it might adversely impact his opportunity for parole. This court observed that, based on its prior decisions, it would normally hold that, while the sentence for grand larceny was unnecessary and superfluous, the two sentences must run concurrently and would therefore not be prejudicial. Noting that the question presented was one of first impression, this court relied on three decisions from the state of Indiana in agreeing with the defendant that the second conviction would be prejudicial to his chances for parole. *Schlenger*, 13 Ill. 2d at 66-67.

Prior to *Schlenger*, this court had consistently held that a defendant was not prejudiced by multiple convictions and concurrent sentences for offenses committed during the same transaction. *King*, 66 Ill. 2d at 560. This court noted in *King* that the result in *Schlenger* was "predicated solely" on the defendant's argument in that case that multiple convictions arising from a single act might adversely affect his chances for parole. *King*, 66 Ill. 2d at 564. The State points out that the General Assembly abolished parole for all felons sentenced after February 1, 1978, and replaced it with mandatory supervised release, the length of which is determined according to the class of the offense or by the specific offense itself. 730 ILCS 5/5–8–1(d) (West 2002). With the exception of those prisoners serving a term of natural life imprisonment, prisoners now must serve the full term of their sentences, less time credit for good behavior. 730 ILCS 5/3–3–3(c) (West 2002). Thus, according to the State, since the rationale for the doctrine no longer exists, it has outlived its usefulness and should be "jettisoned."

The State also argues that (1) the doctrine is not constitutionally mandated; (2) it interferes with the trial court's sentencing discretion; (3) applicable statutes authorize multiple concurrent convictions and sentences arising out of the same conduct when that conduct establishes more than one offense; (4) the doctrine produces confusing results and is not amenable to consistent application; and (5) it consumes resources that are better spent elsewhere in the criminal justice system.

Defendant, on the other hand, argues that the doctrine is sound and that the State has failed to show it should be abandoned under the principles of *stare decisis*. He further argues that the doctrine is rooted in principles of double jeopardy, is reasonable and workable in practice, and protects the substantial rights of defendants.

Initially, we address defendant's argument that the State has forfeited its contention that the one-act, one-crime doctrine should be abandoned by conceding in the appellate court that one of defendant's convictions for aggravated criminal sexual assault must be vacated under one-act, one-crime principles. In the alternative, defendant argues that the State should be estopped from urging the abandonment of the *King* rule because of its tacit agreement in the appellate court that *King* is still good law.

The State argues that, as the appellee in the appellate court, it may make any argument supported by the record to sustain the trial court's judgment. Since the trial court imposed sentence on each of defendant's convictions for aggravated criminal sexual assault, according to the State, its argument in favor of abrogating the *King* doctrine supports that judgment.

We reject defendant's forfeiture and estoppel arguments. It is well settled that where the appellate court reverses the judgment of the trial court, and the appellee in that court brings the case to this court as appellant, that party may raise any issues properly presented by the record to sustain the judgment of the trial court, even if the issues were not raised before the appellate court. *Gallagher v. Lenart*, 226 Ill. 2d 208, 232 (2007). In addition, we note that the one-act, one-crime doctrine was established by this court in *King*. The appellate court lacks authority to overrule decisions of this court, which are binding on all lower courts. See *Rickey v. Chicago Transit Authority*, 98 Ill. 2d 546, 551-52 (1983). Thus, presentation of an argument by

-5-

the State in the appellate court urging the abandonment of the one-act, one-crime doctrine would have been futile. Under these circumstances, we decline to find that the State is barred by forfeiture or estoppel from arguing that this court should abandon the *King* doctrine.

Turning to the merits, we agree with the State that the *King* doctrine is not constitutionally mandated. Its genesis in *Schlenger*, as this court acknowledged in *King*, was to prevent prisoners from being prejudiced in their parole opportunities by multiple convictions and sentences carved from a single physical act. Citing *Blockburger v. United States*, 284 U.S. 299, 76 L. Ed. 306, 52 S. Ct. 180 (1932), *King* noted that multiple convictions and consecutive sentences have been permitted against claims of double jeopardy where offenses are based on a single act but require proof of different facts. *King*, 66 Ill. 2d at 565. Further, this court has noted that the one-act, one-crime rule has never been viewed as a rule of constitutional dimension. *People v. Henry*, 204 Ill. 2d 267, 290 (2003).

This court reaffirmed and clarified the *King* rule in *People v. Rodriguez*, 169 Ill. 2d 183 (1996). The court there noted that, under *King*, a court first must determine whether a defendant's conduct consists of one act or several acts. Multiple convictions are improper if they are based on precisely the same physical act. If the defendant's conduct is based on more than one physical act, a court must then determine whether any of the offenses are lesser-included offenses. If they are, then multiple convictions are improper. Notably, in *Rodriguez*, the State argued that this court should abandon the *King* doctrine. The court summarily declined the State's suggestion. *Rodriguez*, 169 Ill. 2d at 186. *Rodriguez* also extended the *King* doctrine to consecutive sentences, noting that, although *King* spoke in terms of multiple convictions and concurrent sentences, the legislature had amended section 5–8–4(a) of the Unified Code of Corrections (Corrections Code) (730 ILCS 5/5–8–4(a) (West 2002)) to mandate consecutive sentences in certain cases. Thus, the court stated that the *King* doctrine applied to those cases as well. *Rodriguez*, 169 Ill. 2d at 187.

Although the genesis of the one-act, one-crime doctrine arose from concerns about adverse effects on parole opportunities, the fact that parole has been abolished does not inevitably lead to the

-6-

conclusion that the doctrine should be abandoned. In the two decades since *King* was decided, this court has had occasion to address the impact of a one-act, one-crime violation on a defendant, quite apart from any effect on parole. In so doing, this court has found a one-act, one-crime violation to qualify for review under the second prong of the plain-error rule. Under that portion of the rule, a court may disregard forfeiture where a clear or obvious error occurs and that error is so serious that it affected the fairness of the defendant's trial and challenged the integrity of the judicial process. See *People v. Piatkowski*, 225 Ill. 2d 551, 565 (2007). The second prong of the plain-error rule is "invoked only in those exceptional circumstances where, despite the absence of objection, application of the rule is necessary to preserve the integrity and reputation of the judicial process." *People v. Harvey*, 211 Ill. 2d 368, 387 (2004).

In *People v. Davis*, 156 Ill. 2d 149 (1993), the defendant was convicted of unlawful possession of cannabis and unlawful possession with intent to deliver cannabis. The trial court imposed a single sentence. No appeal was taken and the defendant did not raise any issue of an improper conviction in his postconviction petition. The trial court denied his petition following an evidentiary hearing. The appellate court found the conviction for unlawful possession of cannabis to be a lesser-included offense of unlawful possession with intent to deliver and determined that the conviction for the lesser offense was void. The court remanded to the trial court with instructions to vacate the judgment for the lesser-included offense. This court held that the improper conviction was voidable and that the defendant had not preserved a claim of error as to that conviction. The court further noted that the plain-error rule may not be invoked to save procedurally defaulted claims in postconviction proceedings. However, regardless of the defendant's forfeiture, this court exercised its supervisory authority, stating:

> "Despite our conclusion that defendant has waived the improper-conviction issue, in the exercise of our supervisory authority, we vacate defendant's conviction on the lesser offense of possession. We do so out of an awareness that the effects of the improper conviction are not confined to this trial and sentence. Defendant may be subject to future prejudice as a result of the improper convictions. In the unfortunate event

-7-

of a future encounter with the criminal justice system, the improper conviction could likely affect decisions with respect to the setting of bond and sentencing, as well as parole opportunities. This is so regardless of whether an improper sentence has also been imposed. Significantly, the improper conviction appears on defendant's presentence investigation report as well as on the court's record sheet.

Because of the prejudicial effect on defendant, we vacate the erroneous conviction and sentence of unlawful possession of cannabis. Further, as we are unable to discern what portion of defendant's sentence impermissibly pertains to the lesser offense, we remand this cause to the trial court for resentencing." *Davis*, 156 Ill. 2d at 160.

Though *Davis* involved convictions for a greater- and a lesser-included offense, the same rationale has been applied where a defendant was convicted of two non-lesser-included offenses that were based upon a single physical act. For example, in *Harvey*, defendant Barefield was charged with four counts of unlawful possession of four stolen motor vehicles and one count of aggravated possession of the same four stolen vehicles. Barefield was convicted of all five counts and received concurrent sentences on each conviction. On appeal, Barefield argued, *inter alia*, that his four convictions for simple possession of the motor vehicles should be vacated because those offenses were based on the same physical act that formed the basis for the aggravated possession conviction. The appellate court found that Barefield had forfeited the issue and that, in any event, there was no one-act, one-crime violation, noting that the two statutes at issue specifically stated that a conviction under either statute would not be deemed to constitute a lesser-included offense of the other. *Harvey*, 211 Ill. 2d at 377.

In addressing Barefield's one-act, one-crime argument, this court agreed with the appellate court that Barefield had forfeited the issue because he had raised it for the first time on appeal. Nonetheless, the court observed that plain errors affecting substantial rights may be reviewed on appeal, despite forfeiture. The court further noted that "an alleged one-act, one-crime violation and the potential for a surplus conviction and sentence affects the integrity of the judicial

process, thus satisfying the second prong of the plain error rule." *Harvey*, 211 Ill. 2d at 389.

This court has also applied the *King* doctrine in a juvenile case. In *In re W.C.*, 167 Ill. 2d 307 (1995), the minor was adjudicated delinquent on two counts of first degree murder of one victim, based on accountability; the trial court committed him to the juvenile division of the Department of Corrections for an indeterminate period. The trial court merged the two counts into one finding of delinquency and imposed only one sentence. One of the minor's arguments when his appeal reached this court was that it was fundamentally unjust to allow the record to reflect that he was accountable for two murders. This court reached the issue despite the minor's forfeiture of his argument. The court noted that, although only one finding of delinquency was made and one sentence imposed, the dispositional order incorrectly reflected two offenses of first degree murder. This court agreed with the State that any possible prejudice to the minor in the event of any future juvenile or criminal proceeding could be averted by resort to the record, which showed that only one murder was committed. However, "in the interests of justice and judicial economy" and to "avoid the possibility of future confusion or adverse effect to respondent," this court modified the dispositional order to reflect that the minor's commitment was based on a single offense of first degree murder. *In re W.C.*, 167 Ill. 2d at 342-43.

In light of this court's treatment of one-act, one-crime violations as adversely affecting the integrity of the judicial process under the second prong of the plain-error rule, we decline to abandon the *King* doctrine. Accordingly, we find it unnecessary to address the State's other arguments for the rule's abrogation.


III. Prosecutorial Discretion

The State argues that if this court determines not to abandon the one-act, one-crime doctrine, the State should be permitted to exercise prosecutorial discretion to elect which of defendant's aggravated criminal sexual assault convictions should survive. The State notes that the appellate court has, in some cases, allowed the State the discretion to choose the surviving conviction where the multiple

offenses have the same legislative classification. The State urges this court to adopt this rule, describing it as a corollary of (1) prosecutorial discretion to nol-pros a charge and (2) the discretion granted the State to frame the number of charges for one-act, one-crime purposes. The State wishes to retain defendant's conviction for aggravated criminal sexual assault based on residential burglary and have his sexual assault conviction based upon home invasion vacated, along with the lesser-included offense of residential burglary.

Defendant, on the other hand, argues that the State's request to exercise its prosecutorial discretion to vacate the more serious offense is contrary to established law. Rather, he argues, the State's discretion should be limited to those situations in which it is not possible to determine which offense is the most serious. Defendant argues that the appellate court correctly looked to the aggravating factors of home invasion and residential burglary for the purpose of determining which of the aggravated criminal sexual assault offenses is the most serious.

A *nolle prosequi* is the formal entry of record of a prosecuting attorney of his or her unwillingness to prosecute a case. *People v. Norris*, 214 Ill. 2d 92, 104 (2005). The appellate court has held that the power of the prosecutor to nol-pros a charge extends throughout the trial proceedings up until sentence is imposed. See *People v. Williams*, 315 Ill. App. 3d 22, 30 (2000); *People v. Olson*, 128 Ill. App. 3d 560, 562 (1984); *People v. Baes*, 94 Ill. App. 3d 741, 746 (1981). As stated previously, some appellate cases have allowed the State to use its prosecutorial discretion even on appeal to choose the surviving conviction in one-act, one-crime situations. The State notes that the term "prosecution" is defined in the Criminal Code as "all legal proceedings by which a person's liability for an offense is determined, commencing with the return of the indictment or the issuance of the information, and including the final disposition of the case upon appeal." 720 ILCS 5/2–16 (West 2002).

This court has "always held" that under the one-act, one-crime doctrine, sentence should be imposed on the more serious offense and the less serious offense should be vacated. *People v. Lee*, 213 Ill. 2d 218, 226-27 (2004). Accordingly, we first address the question of whether the seriousness of the offense of aggravated criminal sexual assault is properly determined by the aggravating factor for the

offense. The State argues that when a defendant is convicted of multiple counts of aggravated criminal sexual assault, it has the prosecutorial discretion to choose which conviction survives because the crimes are all Class X felonies and therefore of equal severity.

In determining which offense is the more serious, a reviewing court compares the relative punishments prescribed by the legislature for each offense. See *People v. Duszkewycz*, 27 Ill. 2d 257, 261 (1963) (comparing the respective range of penalties for rape and incest and determining that rape, which carried the longer possible sentence, was the more serious offense). In doing so, a court relies on the plain language of the statutes to determine which offense is more serious; common sense dictates that the General Assembly would mandate greater punishment for offenses it deems more serious. *Lee*, 213 Ill. 2d at 228. Where the offenses provide for identical punishments, this court has remanded to the trial court to determine which convictions should be retained. *People v. Garcia*, 179 Ill. 2d 55, 71 (1997). However, in situations where the degree of the offenses and their sentencing classifications are identical, this court has also considered which of the convictions has the more culpable mental state. In *People v. Mack*, 105 Ill. 2d 103 (1984), *vacated on other grounds*, 479 U.S. 1074, 94 L. Ed. 2d 127, 107 S. Ct. 1266 (1987), the defendant was convicted of first degree murder for the killing of one person, based on (1) intentionally and knowingly shooting the victim, (2) shooting the victim knowing that the shooting created a strong probability of death or great bodily harm, and (3) shooting the victim while committing the forcible felony of armed robbery. Noting that the maximum punishment for all three offenses was death, this court looked to the mental states involved and determined that the intentional and knowing conviction was the more serious because it required a more culpable mental state than the others. *Mack*, 105 Ill. 2d at 137.

The appellate court in the instant case used the aggravating factors of residential burglary and home invasion to determine which of defendant's aggravated criminal sexual assault convictions would survive, concluding that the aggravating factor of home invasion involved a more culpable mental state than residential burglary. 377 Ill. App. 3d at 220-21. This court has not used aggravating factors to determine which of multiple aggravated criminal sexual assault

convictions based upon a single physical act is the most serious. For example, the offenses in *Garcia* were based upon multiple counts of aggravated criminal sexual assault, some premised on personal culpability of the defendants and others based on accountability for the actions of others. The charges were variously based on several distinct aggravating factors, including (1) using a dangerous weapon, (2) causing the victim bodily harm, (3) threatening the victim's life, (4) endangering the victim's life, and (5) committing the sexual assault in the course of committing another felony (armed robbery). Noting that there was no way to determine the most serious conviction because none of the convictions involved a more or less culpable mental state, this court remanded to the trial court to determine which of the convictions should be retained. *Garcia*, 179 Ill. 2d at 71-72.

We conclude that we should continue to adhere to *Garcia* and hold that where there are multiple convictions for aggravated criminal sexual assault based upon the same physical act, none of the offenses are more serious than any other. As the *Garcia* court stated, it is not possible to tell which is the more serious offense because none of the offenses involve a more culpable or less culpable state. In that event, rather than remanding to the trial court to determine which conviction must be vacated, the State would like to make that decision.

In the appellate court, the State relied on four appellate court cases to support its argument that it should be allowed to use its prosecutorial discretion in cases where multiple offenses have the same legislative classification. In *People v. Schultz*, 73 Ill. App. 3d 379 (1979), the defendant was convicted of multiple offenses against three persons. The State conceded on appeal that some of the offenses should be vacated under the one-act, one-crime doctrine. The appellate court, without elaboration, allowed the State to pursue certain offenses and cease prosecution on other offenses. There is no indication in the appellate court's decision that the defendant raised any objection to this procedure. *Schultz*, 73 Ill. App. 3d at 382.

In *People v. Rayford*, 104 Ill. App. 3d 124, 126 (1982), the appellate court, without discussion, allowed the State to choose which of two Class X felonies it would pursue on appeal.

*People v. Eubanks*, 279 Ill. App. 3d 949, 963 (1996), relied on a decision of this court, *People v. Holman*, 103 Ill. 2d 133 (1984), in

allowing the State to choose which of three convictions for aggravated criminal sexual assault should be retained. *People v. McColler*, 363 Ill. App. 3d 81 (2005), relied on *Eubanks* in allowing the State to elect which of the defendant's convictions for attempt (aggravated criminal sexual assault) should be retained. The State elected to retain the conviction that was based on displaying a knife, rather than the conviction based on home invasion. The appellate court noted the general rule that sentence should be imposed on the most serious offense and it agreed that the conviction chosen by the State to be retained was the most serious. The court distinguished this court's decision in *Garcia*, which remanded to the trial court to decide which of the defendant's three aggravated criminal sexual assault convictions should be retained, noting that, in *Garcia*, there was no way to determine which offense was the more serious. In contrast, the appellate court noted that this court in *Rodriguez*, 169 Ill. 2d at 190, determined that aggravated criminal sexual assault based on display of a dangerous weapon was a more serious offense than the same offense based on home invasion. Accordingly, the *McColler* court found it unnecessary to remand to the trial court. *McColler*, 363 Ill. App. 3d at 91-92.

The *McColler* court's reading of *Rodriguez* was mistaken. In *Rodriguez*, the defendant was charged with eight counts of aggravated criminal sexual assault, one count of home invasion, and two counts of intimidation. Some of the sexual assault counts were based on the defendant's displaying or threatening to use a dangerous weapon and others were based on the defendant's committing the offense during a home invasion. The jury returned three general verdicts of guilty, one for each offense. The appellate court affirmed the defendant's convictions for aggravated criminal sexual assault and intimidation, but vacated the home invasion conviction as a lesser-included offense of aggravated criminal sexual assault. *Rodriguez*, 169 Ill. 2d at 185. On appeal to this court, the State argued that the appellate court misapplied the *King* doctrine. This court determined that the two offenses were based on separate acts, although a common act–threatening the victim with a gun–was a part of both offenses. In addition, the court noted that the appellate court had erroneously assumed that, since the defendant was convicted of home invasion, the jury's general verdict on the sexual assault offense applied only

to the counts based on home invasion. This court found that assumption to be erroneous because a general verdict of guilty is presumed to be based on any good count of the indictment to which the proof is applicable. Based on these principles, this court observed that the defendant was equally guilty of each count of aggravated criminal sexual assault. Further, the court stated its assumption that the defendant was convicted of aggravated criminal sexual assault based on the more serious offense of displaying or threatening to use a dangerous weapon. Home invasion is not a lesser-included offense of that offense. Thus, the defendant was properly convicted of both offenses. *Rodriguez*, 169 Ill. 2d at 190-91.

It is apparent from a reading of *Rodriguez* that it was not this court's intent to state or imply that the severity of convictions for aggravated criminal sexual assault for one-act, one-crime purposes may be determined by looking at their aggravating factors. The reference to the aggravating factors was made in the context of addressing the appellate court's belief that the defendant must have been convicted only of aggravated criminal sexual assault based on home invasion. Further, we note that this court's decision in *Garcia* was filed more than a year after *Rodriguez* was decided.

The State also relies on *Holman*, where the defendant was convicted of four counts of intentional murder and three counts of felony murder, all involving one victim. On appeal to this court, the parties agreed that three of the four convictions for intentional murder must be vacated, as well as two of the felony murder convictions based on burglary. The defendant argued that the remaining felony murder conviction based on armed robbery should be vacated and the remaining intentional murder conviction retained. The State disagreed, arguing that the felony murder conviction should stand because the aggravating factor on which the State relied in seeking the death penalty was that the murder took place in the course of an armed robbery. This court acknowledged that the cause would have to be remanded for a new sentencing hearing and that because any of the murder convictions might support a death sentence under the facts of the case, the State had the right to elect which of the convictions should be retained. *Holman*, 103 Ill. 2d at 158-59.

The appellate court in the instant case distinguished the above cases, noting that *Holman* involved a remand for a new sentencing

hearing and this court wanted the State to have the ability to elect which convictions should be retained. The court also noted that there was no discussion in *Eubanks* as to whether the vacated conviction involved the more serious charge and the *McColler* court concluded that it was in fact vacating the conviction on the less serious offense. Instead, the appellate court noted, in the instant case, the State wanted to vacate the more serious conviction. The court concluded that under the relevant case law, the State lacked discretion to do so. 377 Ill. App. 3d at 221. Instead, the court relied in part on *People v. Daniels*, 331 Ill. App. 3d 380, 386 (2002), where the court vacated a conviction for aggravated criminal sexual assault based on display of a dangerous weapon as requiring a less culpable mental state than the same offense based on bodily harm to the victim. At the time *Daniels* was decided, the penalties for both offenses were the same.

The State argues that the appellate court erred in distinguishing this court's decision in *Holman*. However, *Holman* does not support the State's position. All four of the defendant's murder convictions in that case were equally serious in that they each would support a sentence of death. Because of this court's disposition of other issues in the case, it was necessary to remand to the trial court for a new sentencing hearing. Thus, this court determined that the State should have the right on remand to elect which of the murder convictions should be retained. *Holman*, 103 Ill. 2d at 159.

*Holman* does not stand for the proposition that the State should be allowed to exercise its prosecutorial discretion whenever a one-act, one-crime violation occurs and it cannot be determined which of the offenses is the more serious. Rather, the *Holman* court's decision to allow the State to decide on remand which conviction should be retained is consistent with the notion that the power of the prosecutor to nol-pros a charge extends throughout the trial proceedings up until the time sentence is imposed. The new sentencing hearing would be part of those proceedings.

The State argues that it would be unfair to it to allow defendant to "circumvent the People's discretion not to proceed on counts in the trial court because there, defendant did not object to judgment being entered on those crimes." However, defendant did not circumvent the State's discretion; rather, the State chose not to exercise its discretion in the trial court. The record of defendant's guilty plea proceeding

-15-

shows that the prosecutor acknowledged that both counts of aggravated criminal sexual assault were based on a single physical act and that sentence should be imposed on only one count. In fact, prior to allowing his client to plead guilty, defendant's trial counsel sought and received the prosecutor's concession that, although defendant would plead guilty to both counts, sentence should be imposed on only one of the sexual assault convictions. Instead, at the sentencing hearing, the prosecutor requested that concurrent sentences be imposed on both counts. The fact that defense counsel failed to bring the matter to the trial court's attention at the sentencing hearing did not prevent the State from using its power of *nolle prosequi* in the trial court.

We conclude that the better course is to continue to adhere to the principle that when it cannot be determined which of two or more convictions based on a single physical act is the more serious offense, the cause will be remanded to the trial court for that determination.


## IV. Supervisory Authority

In the alternative, the State requests that this court use its supervisory authority to reinstate defendant's conviction for aggravated criminal sexual assault based on residential burglary and remand for resentencing on both sexual assault convictions because the two sexual assaults were based upon different acts. The State admits that it forfeited this argument because it conceded in the appellate court and in its petition for leave to appeal to this court that one of defendant's convictions for aggravated criminal sexual assault should be vacated under one-act, one-crime principles. The State argues, however, that this court's supervisory authority may override its procedural default.

The State has indeed forfeited this argument. In the appellate court, the State conceded that, under the one-act, one-crime doctrine, one of defendant's sexual assault convictions must be vacated. Further, in its petition for leave to appeal to this court, the State did not argue that the convictions were based upon different acts. Its arguments were that the appellate court erred in not allowing the State to exercise its prosecutorial discretion to choose the surviving sexual assault conviction and that this court should abandon the one-act,

one-crime rule. We note that the rules of forfeiture in criminal proceedings are applicable to the State as well as to the defendant. *People v. Williams*, 193 Ill. 2d 306, 347 (2000).

In support of its argument for the exercise of this court's supervisory authority, the State cites *People v. Normand*, 215 Ill. 2d 539 (2005). However, the State's reliance on that case is misplaced. *Normand* involved a prosecution for possession of child pornography. The statutory definition of "child" included depictions of a person who appeared to be under the age of 18. While the defendant's appeal was pending in the appellate court, this court filed its decision in *People v. Alexander*, 204 Ill. 2d 472 (2003), in which we held unconstitutional the "appears to be" language in the definition of "child" in the statute. The defendant in *Normand* argued before this court that the trial court had erroneously relied on that statutory definition and that the State had failed to prove that the children depicted in the photographs were real. The State argued that the defendant had forfeited this argument by not raising the issue in the trial court. This court declined to find forfeiture because the *Alexander* decision was not filed until well after the defendant's trial had concluded. *Normand*, 215 Ill. 2d at 543-44.

Here, the State had the opportunity to argue to the appellate court that there was no one-act, one-crime violation and that defendant was properly convicted of both sexual assault offenses. Instead, the State chose to concede that one of defendant's convictions must be vacated under one-act, one-crime principles. Further, the State failed to raise the issue in its petition for leave to appeal. We find no basis for ignoring the State's forfeiture or for exercising our supervisory authority under these circumstances.


CONCLUSION

We decline the State's request to abandon the one-act, one-crime doctrine. We hold that the appellate court erred in finding defendant's aggravated criminal sexual assault conviction based on home invasion to be the more serious offense and in vacating the sexual assault conviction based on residential burglary. We remand this cause to the trial court for a determination as to which sexual assault conviction will be retained and for resentencing in accordance with

section 5–8–4 of the Corrections Code (730 ILCS 5/5–8–4 (West 2002)). We affirm the remainder of the appellate court's judgment.

*Appellate court judgment affirmed in part*
*and reversed in part; cause remanded.*