2020 IL App (1st) 190350-U

No. 1-19-0350

Order filed October 23, 2020

Fifth Division

**NOTICE:** This order was filed under Supreme Court Rule 23 and may not be cited as precedent by any party except in the limited circumstances allowed under Rule 23(e)(1).

IN THE

APPELLATE COURT OF ILLINOIS

FIRST DISTRICT

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellee, | ) | Cook County. |
| | ) | |
| v. | ) | No. 13 CR 18481 |
| | ) | |
| PAUL E. PROROK, | ) | Honorable |
| | ) | Ramon Ocasio, III, |
| Defendant-Appellant. | ) | Judge, presiding. |

PRESIDING JUSTICE DELORT delivered the judgment of the court.
Justices Hoffman and Cunningham concurred in the judgment.

**ORDER**

¶ 1     *Held*:   Pursuant to the one-act, one-crime rule, we vacate five of defendant's six sentences for aggravated domestic battery and all three of his sentences for aggravated battery, and correct his mittimus accordingly.

¶ 2     Following a bench trial, defendant Paul E. Prorok was convicted of six counts of aggravated domestic battery (counts I through VI) (720 ILCS 5/12-3.3(a) (West 2012)) and three counts of aggravated battery (counts VII through IX) (720 ILCS 5/12-3.05(a)(1) (West 2012)), and was sentenced to nine concurrent terms of seven years' imprisonment. On appeal, defendant

contends that he was denied due process where the State was granted leave to nol-pros counts III through IX but did not re-file those charges or move to vacate the *nolle prosequi* before proceeding to trial; that his convictions violate the one-act, one-crime rule because they were based on the same physical act; and that his extended-term sentences on counts VII through IX are statutorily unauthorized because he was also convicted of a higher class of offense. We affirm in part, vacate defendant's sentences on counts II through IX, and order correction of the mittimus to reflect a single conviction with a seven-year sentence for aggravated domestic battery on count I.

¶ 3     Defendant's convictions arose from the August 28, 2013, battery of Linda Woelfle.[1] Following his arrest, defendant was charged by indictment with six counts of aggravated domestic battery and three counts of aggravated battery. All nine counts alleged that defendant "struck" Woelfle. On August 25, 2014, the State nol-prossed counts III through IX and informed the court it would only proceed on two counts of aggravated domestic battery (counts I and II).

¶ 4     In 2014, the parties proceeded to a jury trial at which defendant represented himself. After Woelfle testified for the State, defendant pled guilty to aggravated domestic battery (counts I and II). The circuit court merged the two counts and sentenced defendant to six years in prison on count I.

¶ 5     On appeal, defendant contended, and the State agreed, that he had not been given proper Supreme Court Rule 401(a) (eff. July 1, 1984) admonishments before he waived his right to counsel. We vacated defendant's conviction and remanded for a new trial. *People v. Prorok*, No. 1-15-0250 (2017) (unpublished summary order under Supreme Court Rule 23(c)).

---

[1] This witness testified at trial that her name is Linda Woelfle. For clarity, we will use this last name even though she is also referred to in various documents in the record as Linda Prorok, Linda Woelfle-Prorok, and Linda Woelfle Prorok.

¶ 6    After remand, during a status hearing on May 18, 2017, the Assistant State's Attorney (ASA) stated, "[T]he People prior to jury trial had nolle'd counts [III] through [IX]. Those are now fully reinstated." The trial court responded, "Everything is back on the call." Later during that same court appearance, the court informed defendant that although the State had only proceeded on counts I and II at his jury trial, "now, as I told you on your appeal rights, they could renew and put the cases back on the call, which they are. So everything is back on the call. So, theoretically, you have all these cases still pending." At another pretrial proceeding on February 2, 2018, the ASA stated, "There should be nine counts. Because when the Defendant initially pled to Count [I] and [II], the remaining counts were nollied [*sic*] based on the Appellate Court ruling. The remaining counts, [III] through [IX], are now back before this Court."

¶ 7    On May 14, 2018, the parties proceeded to a second trial at which defendant represented himself. The State presented evidence that on August 28, 2013, Woelfle was married to and living with defendant. That evening, defendant pulled her off a couch, kicked her "in the butt," and bent her wrists. At defendant's direction, Woelfle went into a bedroom. There, he punched her in the face with his fist. Eventually, Woelfle received medical treatment for fractures to her nose, septum, orbital bone, and right wrist. The medical treatment included plastic surgery to repair damage to her nose and orbital bone. Defendant stipulated that "great bodily harm was done." He admitted he intentionally punched Woelfle in the face but stated he "did not mean to cause great bodily harm."

¶ 8    The circuit court found defendant guilty on all counts and denied his *pro se* posttrial motions. At the conclusion of the sentencing hearing, the court stated, "I am going to sentence you to seven years in the Illinois Department of Corrections, four years of mandatory supervised

release." The mittimus reflects that defendant was sentenced to seven years' imprisonment on each of the nine counts of which the court found him guilty. Defendant's *pro se* postsentencing motion was denied on September 13, 2018.

¶ 9    Defendant filed a notice of appeal on November 8, 2018. On February 25, 2019, he filed a motion for leave to file late notice of appeal, which this court granted. On appeal, the defendant contends that the circuit court erred by: (1) not merging certain counts pursuant to the one-act, one-crime doctrine; (2) convicting him on Counts III through IX although the State did not re-file those charges or move to vacate the *nolle prosequi* before proceeding to trial; and (3) imposing extended-term sentences entered on counts VII through IX.

¶ 10    Because it is dispositive, we first address defendant's one-act, one-crime claim. The parties agree that pursuant to *People v. King*, 66 Ill. 2d 551 (1977), this court must vacate all but one of defendant's convictions because they were all based on a single physical act of striking Woelfle. Although defendant failed to preserve this issue by objecting at trial and addressing it in a posttrial motion, one-act, one-crime violations are recognized under the second prong of the plain error rule. *People v. Smith*, 2019 IL 123901, ¶ 14; *People v. Harvey*, 211 Ill. 2d 368, 389 (2004) ("an alleged one-act, one-crime violation and the potential for a surplus conviction and sentence affects the integrity of the judicial process, thus satisfying the second prong of the plain error rule").

¶ 11    In *King*, 66 Ill. 2d at 566, our supreme court held that a defendant may not be convicted of multiple offenses when those offenses are all based on precisely the same physical act. Whether a violation of the one-act, one-crime rule has occurred is a question of law that is reviewed *de novo*. *Smith*, 2019 IL 123901, ¶ 15. To determine whether a one-act, one-crime violation has occurred, courts must determine whether the defendant's conduct consisted of a single physical act or

separate acts. *Id.* If the convictions were based upon the same physical act, the convictions for the less serious offenses must be vacated. *People v. Johnson*, 237 Ill. 2d 81, 97 (2010).

¶ 12    An "act," as defined in *King*, is "any overt or outward manifestation which will support a different offense." *King*, 66 Ill. 2d at 566. We look to the charging instrument to determine whether offenses are based on the same act. *People v. Kotero*, 2012 IL App (1st) 100951, ¶ 22. If an indictment charges the defendant for a single course of conduct, even if multiple theories of culpability are presented, the trial court cannot convict the defendant for separate criminal acts. *People v. Crespo*, 203 Ill. 2d 335, 345 (2001).

¶ 13    Here, the State presented evidence at trial that defendant kicked Woelfle, bent her wrists, and punched her in the face. However, the indictment did not apportion these separate acts into separate crimes. Instead, all nine counts simply alleged that defendant "struck" Woelfle. Therefore, all of defendant's convictions were based on the same physical act (see *People v. Lee*, 213 Ill. 2d 218, 224-26 (2004)) and all but one of the convictions must be vacated (*People v. Bailey*, 409 Ill. App. 3d 574, 597 (2011)).

¶ 14    As noted above, when convictions violate the one-act, one-crime rule, the convictions for the less serious offenses must be vacated. *Johnson*, 237 Ill. 2d at 97. Aggravated domestic battery, as charged in counts I through VI, is a Class 2 felony. 720 ILCS 5/12-3.3(a), (b) (West 2012). Aggravated battery, as charged in counts VII through IX, is a Class 3 felony. 720 ILCS 5/12-3.05(a)(1), (h) (West 2012). Because aggravated battery is a lower class offense than aggravated domestic battery, we vacate the sentences imposed on counts VII through IX.

¶ 15    With regard to which count of aggravated domestic battery may stand, we note that in general, when a reviewing court cannot determine which of two or more convictions is the more

serious offense, the cause will be remanded to the trial court for that determination. *People v. Artis*, 232 Ill. 2d 156, 177 (2009). Here, where counts I through VI charged the same offense, it is not apparent which count is the less serious offense. However, both defendant and the State assert that it is the conviction on count I that should stand. Given the parties' agreement and the interests of judicial economy, we vacate defendant's sentences on counts II through VI rather than remand. See *In re Tyreke H.*, 2017 IL App (1st) 170406, ¶¶ 123-125 (remand unnecessary where the parties agreed which equally-serious conviction should stand).

¶ 16    The circuit court's guilty findings on counts II through IX will merge with the conviction for aggravated battery entered on count I. See 730 ILCS 5/5-1-12 (West 2012) (a conviction requires both a finding of guilt and a sentence); *People v. Gordon*, 378 Ill. App. 3d 626, 642 (2007) (where multiple convictions violated the one act, one crime rule, this court ordered correction of the mittimus to reflect a single conviction and merged the other counts). We correct  the mittimus to reflect a single conviction and seven-year sentence for aggravated domestic battery on count I.

¶ 17    This disposition of the one-act, one-crime issue renders moot the defendant's contentions that: (1) he was denied due process because the State did not re-file Counts III through IX or move to vacate the *nolle prosequi* before proceeding to trial; and (2) the court improperly imposed extended term sentences on Counts VII through IX..

¶ 18    In sum, we affirm defendant's conviction and sentence on count I, vacate the sentences imposed on counts II through IX, and correct the mittimus accordingly.

¶ 19    Affirmed in part, vacated in part; mittimus corrected.