2020 IL App (1st) 182298-U

No. 1-18-2298

Order filed December 3, 2020

Fourth Division

**NOTICE:** This order was filed under Supreme Court Rule 23 and may not be cited as precedent by any party except in the limited circumstances allowed under Rule 23(e)(1).

_____

IN THE

APPELLATE COURT OF ILLINOIS

FIRST DISTRICT

_____

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellee, | ) | Cook County. |
| | ) | |
| v. | ) | No. 16 CR 5830 |
| | ) | |
| ADRIAN MASON, | ) | Honorable |
| | ) | Kenneth J. Wadas, |
| Defendant-Appellant. | ) | Judge, presiding. |

_____

JUSTICE REYES delivered the judgment of the court.
Presiding Justice Gordon and Justice Hall concurred in the judgment.

**ORDER**

¶ 1    *Held*:    We vacate defendant's sentence for aggravated unlawful use of a weapon because it is based on the same physical act as his conviction for armed habitual criminal and, therefore, violates the one-act, one-crime doctrine.

¶ 2    Following a bench trial, defendant Adrian Mason was found guilty of armed habitual criminal (AHC) (720 ILCS 5/24-1.7(a) (West 2016)) and aggravated unlawful use of a weapon (AUUW) (720 ILCS 5/24-1.6(a)(1), (3)(A-5) (West 2016)). The court sentenced him to two concurrent terms of 10 years' imprisonment. On appeal, defendant argues his AUUW conviction

should be vacated pursuant to the one-act, one-crime doctrine or, alternatively, this court should remand for resentencing on the AUUW conviction because his 10-year sentence exceeds the statutory maximum. For the following reasons, we vacate defendant's sentence for AUUW.

¶ 3 Because the issue before us does not relate to the sufficiency of the evidence, we recite only those facts necessary to our disposition. Defendant was charged with single counts of AHC, AUUW without a valid conceal carry license (CCL), and AUUW without a valid Firearm Owner's Identification (FOID) card, premised on his possession of a firearm.

¶ 4 At trial, the evidence established that, on March 22, 2016, Cook County Sheriff's officers driving an unmarked police vehicle pulled into a gas station parking lot on the 3900 block of West Roosevelt Road in Chicago around 11:25 p.m. In the lot, Officer Karlos observed defendant standing between two vehicles, an Audi and a Mercury. Defendant poured Hennessy "alcohol" from a bottle into a cup and gave it to the passenger in the Audi. He then entered the driver's side of the Mercury. No one else was inside the Mercury. The officers pulled their vehicle behind the two parked vehicles and exited. As Karlos approached the Mercury, defendant exited. He was no longer holding the Hennessy bottle. When Karlos looked into the Mercury, he saw an open bottle of Hennessy and smelled cannabis. He subsequently discovered a small bag of cannabis on the front passenger-side floor and a partially open backpack in the back seat next to the open bottle of Hennessy. The backpack contained a loaded handgun with a laser and paperwork. Some of the documents contained defendant's name and others had defendant's name along with other names. Defendant was thereafter arrested. Karlos inventoried the handgun and backpack. The State introduced into evidence certified copies of defendant's prior convictions for robbery in case number 97 CR 06559 and manufacture/delivery of cocaine in case number 99 CR 21705.

¶ 5     The court found defendant guilty of all three charges. At defendant's sentencing hearing, the court merged the AUUW (lack of a valid FOID card) count into the AUUW (lack of valid CCL) count. It then sentenced defendant to 10 years' imprisonment on the AHC count and a concurrent 10-year term on the AUUW (lack of valid CCL) count.

¶ 6     On appeal, defendant argues his conviction for AUUW violates the one-act, one-crime rule because it was based on the same physical act—possession of a handgun—as his conviction for AHC.[1] The State agrees.

¶ 7     Defendant acknowledges he has not preserved this issue by raising it before the trial court. However, he asks that this court review his claim under the plain error doctrine, which allows a this court to consider unpreserved errors when a clear or obvious error occurred and (1) the evidence is so closely balanced that the error alone threatened to tip the scale of justice against the defendant, regardless of the seriousness of the error, or (2) the error is so serious that it affected the fairness of the defendant's trial and challenged the integrity of the judicial process, regardless of the closeness of the evidence. *People v. Coats*, 2018 IL 121926, ¶ 9. One-act, one-crime violations are recognized under the second prong of the plain error rule. *People v. Smith*, 2019 IL 123901, ¶ 14; *People v. Harvey*, 211 Ill. 2d 368, 389 (2004) ("an alleged one-act, one-

---

[1] In his opening brief, defendant argues the evidence was insufficient to sustain his AUUW conviction because the State failed to present any evidence that he did not have a valid FOID card at the time of the offense. He mistakenly characterizes both AUUW counts as being premised on his lack of a valid FOID card, and thus characterizes his conviction as being premised on lack of a valid FOID card rather than on lack of a valid CCL. However, defendant acknowledges the error in his reply brief and agrees with the State that this court lacks jurisdiction to address the sufficiency of the evidence regarding the AUUW (lack of a valid FOID card) count because he was not sentenced on that count. See *People v. Relerford*, 2017 IL 121094, ¶¶ 71, 75 (appellate court lacks jurisdiction to consider the validity of "unsentenced convictions" as a judgment in a criminal case is not final until sentence is imposed). Defendant "notes" for the first time in his reply brief that the State also failed to prove he did not have a valid CCL but, "as a matter of judicial economy," solely requests that this court vacate his AUUW (lack of a valid CCL) conviction pursuant to the one-act, one-crime doctrine.

crime violation and the potential for a surplus conviction and sentence affects the integrity of the judicial process, thus satisfying the second prong of the plain error rule").

¶ 8    We perform a two-step analysis to determine whether simultaneous convictions violate the one-act, one-crime rule. *Smith*, 2019 IL 123901, ¶ 15. Under the first step, "we must first determine whether a defendant's conduct consisted of a single physical act or separate acts." *Id.* (citing *Coats*, 2018 IL 121926, ¶ 12). "Multiple convictions are improper if they are based on precisely the same physical act." *Id.* If the defendant's conduct is based on more than one physical act, then this court "proceeds to the second step, determining whether any of the offenses are lesser-included offenses." *Id.* Whether a violation of the one-act, one-crime doctrine has occurred is a question of law that is reviewed *de novo. Id.*

¶ 9    In this case, defendant's convictions for both AHC and AUUW were based on his unlawful possession of the same firearm, a single act. See *People v. West*, 2017 IL App (1st) 143632, ¶ 25 (finding a one-act, one-crime violation where the defendant's AUUW and AHC convictions were both based on the possession of a single firearm). In cases where we find a one-act, one-crime violation, the proper remedy is to vacate the less serious offense. *In re Samantha V.*, 234 Ill. 2d 359, 379 (2009). AHC is a Class X felony (720 ILCS 5/24-1.7(a), (b) (West 2016), whereas, due to defendant's prior robbery conviction, his AUUW offense is a Class 2 felony (720 ILCS 5/24-1.6(a)(1), (3)(A-5), (d)(3) (West 2016)). As only the sentence on the most serious offense may stand (*People v. Artis*, 232 Ill. 2d 156,170 (2009)), the sentence on the AUUW offense must be vacated and the count merged into the AHC conviction. *People v. Gordon*, 378 Ill. App. 3d 626, 642 (2007); see also *People v. Woods*, 2018 IL App (1st) 153323, ¶¶ 43, 51 (vacating the sentence of the less serious conviction after finding a one-act, one-crime violation).

¶ 10 In light of our determination that defendant's conviction for AUUW violates the one-act, one-crime doctrine, we need not address his contention that we should remand his case for resentencing on his AUUW conviction.

¶ 11 For the following reasons, we affirm defendant's armed habitual criminal conviction and vacate his sentence for aggravated unlawful use of a weapon.

¶ 12 Affirmed in part; vacated in part.