NOTICE

Decision filed 05/12/23. The text of this decision may be changed or corrected prior to the filing of a Petition for Rehearing or the disposition of the same.

2023 IL App (5th) 210416-U

NO. 5-21-0416

IN THE

APPELLATE COURT OF ILLINOIS

FIFTH DISTRICT

NOTICE

This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

_____

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellant, | ) | Jackson County. |
| | ) | |
| v. | ) | No. 19-CF-338 |
| | ) | |
| JERMANE C. JOHNSON, | ) | Honorable |
| | ) | Ralph R. Bloodworth III, |
| Defendant-Appellee. | ) | Judge, presiding. |

_____

JUSTICE McHANEY delivered the judgment of the court.
Justices Welch and Barberis concurred in the judgment.

**ORDER**

¶ 1    *Held*:    The trial court's decision to dismiss the State's case as a sanction for the State's discovery violation was neither limited nor proportionate to the magnitude of that discovery violation.

¶ 2    The defendant was charged with three counts of felony aggravated battery. The defendant filed a motion to dismiss based on the State's failure to retrieve evidence possessed by a third party that had been destroyed prior to retrieval. The trial court granted the defendant's motion resulting in the dismissal of the charges against him. The State filed a motion to reconsider which was denied. The State appeals the trial court's order granting the defendant's motion to dismiss. For the reasons that follow, we reverse and remand.

1

¶ 3                                    I. Background

¶ 4      On July 7, 2019, five police officers were dispatched to the Carbondale Walmart following a 911 call. Upon arrival, the officers spoke to the complainant who reported that an altercation involving the defendant had occurred in the parking lot. One of the officers met with the Walmart manager and viewed surveillance video which displayed the parking lot, including the location of the altercation. The officer reported what he saw in the video in his probable cause statement which was used to obtain an arrest warrant for the defendant. The officer did not take possession of the video but indicated in his written report that the video was pending.

¶ 5      On July 30, 2019, the defendant was charged with two counts of aggravated battery (720 ILCS 5/12-3.05(a)(4), (c) (West 2018)) and one count of aggravated battery against a victim who was 60 years of age or older (*id.* § 12-3.05(d)(1)). On August 19, 2019, the defendant filed a motion for production of police reports and a motion for discovery pursuant to Illinois Supreme Court Rules 411, 412, and 415. On August 29, 2019, the State requested a copy of the video from the police. On September 3, 2019, after learning that the video had not yet been submitted, the State asked the officer to check on the status of the video. For reasons not present in the record, the officer tasked with retrieving the video from Walmart failed to obtain it. On October 4, 2019, the State filed a discovery response stating they were aware that a video from Walmart "may exist" and that they would supplement discovery once the video was received.

¶ 6      On November 13, 2019, when the officer contacted a Walmart loss prevention employee to get a copy of the video, he was informed that it was no longer available because after 90 days video surveillance footage is purged from the system. No request was made by the police that Walmart preserve the video.

¶ 7　　On January 10, 2020, the defendant answered the State's motion for discovery by claiming that the defendant intended to assert an affirmative defense of self-defense. On December 2, 2020, the defendant filed a motion to dismiss, arguing that due to the failure of the police department to take reasonable steps to preserve this video footage, "vital evidence" which existed relating to his case was destroyed. The defendant, citing *People v. Newberry*, 166 Ill. 2d 310 (1995), argued for dismissal of the charges based on the violation of his due process rights.

¶ 8　　On October 13, 2021, a hearing on the defendant's motion to dismiss was held. The parties stipulated to the facts. Defense counsel argued that the video of the parking lot would have shown what happened between the defendant and the "alleged victim." He once again cited *Newberry*, 166 Ill. 2d 310, for the "proposition that the loss or destruction of evidence by the police can be a basis for a due process violation." Defense counsel reiterated that the video, which was the best evidence to support his client's defense, was unavailable due to the inaction and negligence of the police. While defense counsel noted that he did not allege bad faith, he, nevertheless, asked the trial court to consider the loss of the video as a due process violation and renewed his request that the charges be dismissed.

¶ 9　　At the hearing, the State, in pertinent part, argued:

"I wish that we had [the video]. I think that it probably would be the best evidence to show to a jury, but I don't have it. And in a case like that, I can't use it. I regret that; but I think that the, the appropriate sanction in this case would be that no one gets to talk about what's on the video because I can't show it to the jury."

¶ 10　　After considering arguments and the State's suggestion regarding the appropriate sanction, the trial court, in pertinent part, determined:

3

"Defendant retained counsel. Counsel entered their appearance in this particular case on, I believe, August the 19th, 2019; filed a motion for discovery on the same date seeking production of normal discovery in a criminal case, including any videos of the alleged incident. The State's Attorney's Office attempted to preserve and ensure preservation of the video in question.

For the record, I'll note that the, there's essentially no bad faith here and the State's Attorney's Office did everything that it could do in its power to make sure that this video was preserved and produced in accordance with the rules of discovery and so that no fault, it's important to note, that the State's Attorney['s] Office in this video not being preserved.

\* \* \*

And I believe the case is *Newberry* that we've discussed, here, today and there are many others that this Court's familiar with that evidence has not been preserved after a request for preservation and production, what is the appropriate sanction in a particular case."

¶ 11 The trial court granted the defendant's motion and dismissed the charges against him. On November 4, 2021, the State filed a motion to reconsider arguing that the video was "not essential or outcome determinative," that defendant's due process rights were not violated where there was no showing of bad faith, that several eyewitnesses to the battery were available and subject to cross-examination, and that dismissal of the charges was improper. The motion was denied by docket entry on December 6, 2021. The State filed a timely notice of appeal.

¶ 12                                                II. Analysis

¶ 13 On appeal, the State argues that the trial court abused its discretion in granting the defendant's motion to dismiss charges of aggravated battery as a sanction for destroying evidence

4

where the evidence was never in the State's possession, where a third party responsible for destroying the evidence was not an agent of the State, where there was no showing of bad faith by the State or its agents, and where the evidence at issue was not "outcome determinative." The State's overarching argument is that there could be no due process violation or discovery violation where the evidence was never in the possession of the State and where a third party was responsible for destroying it.

¶ 14 The defendant contends that the State waived the arguments it raises on appeal because the State failed to raise them with the trial court below.

¶ 15 At the outset we address the defendant's waiver argument. The Illinois Supreme Court has noted that "the terms forfeiture and waiver have, at times, been used interchangeably, and often incorrectly, in criminal cases." *People v. Sophanavong*, 2020 IL 124337, ¶ 20. "[W]aiver is an intentional relinquishment or abandonment of a known right or privilege," whereas "[f]orfeiture is defined as the failure to make the timely assertion of the right." *People v. Lesley*, 2018 IL 122100, ¶¶ 36, 37; see also *Buenz v. Frontline Transportation Co.*, 227 Ill. 2d 302, 320 n.2 (2008) (noting that forfeiture is the failure to timely comply with procedural requirements). "[T]he rules of forfeiture in criminal proceedings are applicable to the State as well as to the defendant." *People v. Artis*, 232 Ill. 2d 156, 178 (2009).

¶ 16 Our review of the record indicates that the State did not raise the issues below that they now raise on appeal resulting in forfeiture, rather than waiver, of those issues. However, because the forfeiture rule is an admonition to the parties, and not a jurisdictional limitation on a reviewing court, we decline to apply forfeiture and, instead, will address the merits of the issues raised by the State. *People v. Chapman*, 379 Ill. App. 3d 317, 326 (2007).

¶ 17    On appeal, the crux of the State's argument is that there could be neither a due process violation nor a discovery violation where the video was never in the possession of the State and where a third party was responsible for destroying it. However, while the State may not have taken physical possession of the video from the third party, it nevertheless relied on the contents of the video as supporting evidence of probable cause to obtain an arrest warrant for the defendant. Although the record does not disclose the extent to which the State relied on the video, the State cannot now disavow their reliance upon it. We find that the record establishes that the trial court found a discovery violation, not a due process violation, had been committed where the State failed to preserve the video after a request for preservation and production had been made by the defendant. "A specific request for an item of evidence, pursuant to Rule 412, puts the State on notice that the item must be preserved." *People v. Calloway*, 2019 IL App (1st) 160983, ¶ 67. Illinois Supreme Court Rule 412 governs disclosure to the accused, and subsection (f) of the Rule provides that "[t]he State should ensure that a flow of information is maintained between the various investigative personnel and its office *sufficient to place within its possession or control* all material and information relevant to the accused and the offense charged." (Emphasis added.) Ill. S. Ct. R. 412(f) (eff. Mar. 1, 2001); *People v. Koutsakis*, 255 Ill. App. 3d 306, 310 (1993).

¶ 18    Here, the State had a duty to ensure that the video, on which it had already relied, was placed within its possession or control. The parties stipulated that the evidence had been requested by the defense prior to its destruction. Nevertheless, for at least another month, the State took no further action to procure the video. The State should not be allowed to rely on evidence it used to obtain an arrest warrant, which evidence was specifically requested by the defendant, and then face no consequences for negligently failing to preserve that evidence for the defendant's possible use.

6

¶ 19    "If the State fails to comply with its discovery obligations under Rule 412, the trial court may impose any sanctions it deems 'just under the circumstances' to eliminate any unfair prejudice to the defendant." *Calloway*, 2019 IL App (1st) 160983, ¶ 68 (citing Ill. S. Ct. R. 415(g)(i) (eff. Oct. 1, 1971)). "The appropriate sanction is a decision left to the discretion of the trial court and its judgment is entitled to great weight." *In re Julio C.*, 386 Ill. App. 3d 46, 52 (2008). "Dismissal of the charges as a discovery sanction is not required in every situation in which evidence is destroyed." *Id.* "The sanction must be proportionate to the magnitude of the violation." *Id.* "Discovery sanctions are meant to remedy any prejudice to the defense caused by the absence of the evidence." *Calloway*, 2019 IL App (1st) 160983, ¶ 80.

¶ 20    On appeal, a trial court's decision to impose sanctions is reviewed for an abuse of discretion. *People v. Kladis*, 2011 IL 110920, ¶ 23. "The trial court abuses its discretion where its ruling is arbitrary, fanciful, or unreasonable or no reasonable person would take the view adopted by the trial court or where its ruling rests on an error of law." *People v. Moravec*, 2015 IL App (1st) 133869, ¶ 18. We find that the trial court's sanction of dismissal of the charges against the defendant was not proportionate to the magnitude of the discovery violation. See *In re Julio C.*, 386 Ill. App. 3d at 52.

¶ 21    The State posits on appeal that a "less drastic" option to dismissal would be for the trial court to give a limiting jury instruction. "Supreme Court Rule 451(a) (134 Ill. 2d R. 451(a)) requires a trial court to instruct the jury pursuant to the [Illinois Pattern Jury Instruction] IPI criminal instructions unless the trial court determines that the IPI instruction does not accurately state the law." *People v. Hudson*, 222 Ill. 2d 392, 399-400 (2006). "Where there is no IPI jury instruction on a subject on which the court determines the jury should be instructed, the court has the discretion to give a non-IPI instruction." *Id.* at 400. In *In re Julio C.*, 386 Ill. App. 3d at 53-54,

the appellate court found that the trial court abused its discretion when it dismissed charges based on the State's discovery violation. There, upon remand, the appellate court noted that "the trial court could give a limiting instruction based on Illinois Pattern Jury Instructions, Civil, No. 5.01 (2006 ed.), which states generally that the failure of a party to produce evidence within its control creates a presumption that the evidence if produced would have been adverse to that party." *Id.* at 53; also see *People v. Sykes*, 341 Ill. App. 3d 950 (2003) (where such an instruction was found proper as a sanction for the State's discovery violation). On remand, the trial court may consider giving this limiting instruction, or another sanction less severe than a dismissal of the charges.

¶ 22                                III. Conclusion

¶ 23    For the foregoing reasons, we reverse the trial court's order granting the defendant's motion to dismiss and for further proceedings consistent with this judgment.


¶ 24    Reversed and remanded with directions.