2026 IL App (1st) 242444-U

FIRST DISTRICT,
SIXTH DIVISION
January 16, 2026

No. 1-24-2444

**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

_____

IN THE

APPELLATE COURT OF ILLINOIS

FIRST JUDICIAL DISTRICT

_____

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellee, | ) | Cook County |
| | ) | |
| v. | ) | No. 24 CR 0339801 |
| | ) | |
| RONALD CROSBY, | ) | Honorable |
| | ) | Maria Kuriakos-Ciesil, |
| Defendant-Appellant. | ) | Judge Presiding. |

_____

JUSTICE GAMRATH delivered the judgment of the court.
Presiding Justice C.A. Walker and Justice Pucinski concurred in the judgment.

**ORDER**

¶ 1    *Held*:   We affirm defendant's conviction for aggravated unlawful use of a weapon and find the statute does not violate the second amendment.

¶ 2    Defendant Ronald Crosby appeals from his conviction of aggravated unlawful use of a weapon (AUUW), arguing the AUUW statute, which criminalizes the possession of a firearm without a Firearm Owners Identification (FOID) Card, is facially unconstitutional under the standard established in *New York State Rifle & Pistol Ass'n, Inc. v. Bruen,* 597 U.S. 1 (2022). We disagree and affirm.

¶ 3        In *People v. Thompson*, 2025 IL 129965, ¶ 3, the Illinois Supreme Court held that "the AUUW statute's ban on unlicensed public carriage, coupled with the requirement[] to obtain [a] FOID card[], is not facially unconstitutional under the second amendment." The Court explained, *Bruen* "stands for the proposition that Illinois's *** firearm licensing regime"—which includes the requirement to obtain a FOID card—"does not violate the second amendment." *Id.* Specifically, "the *Bruen* Court went out of its way to address [the constitutionality of] shall-issue firearm licensing regimes[] like those set forth in Illinois's *** FOID Card Act" and "expressly declared shall-issue licensing regimes facially constitutional under the second amendment because they neither give officials licensing discretion nor require the applicant to show an atypical need for self-defense." *Id*. ¶¶ 38-39 (citing *Bruen*, 597 U.S. at 38 n.9) (emphasis omitted); *see also id.* ¶ 42 (noting that *Bruen* "expressly held *** that shall-issue firearm licensing regimes, like the one enacted in Illinois, comport with the second amendment").

¶ 4        Crosby devotes much of his briefs to arguing that there is no historical analogue to validate the FOID card requirement in the AUUW statute. This argument is meritless considering *Thompson*'s holding:

 "Ordinarily, the government then would need to affirmatively prove that its modern firearms regulations are part of the historical tradition that delimits the outer bounds of the right to keep and bear arms. However, *Bruen*'s express endorsement of shall-issue licensure obviates the need for this court to apply the historical-tradition component of the *Bruen* analysis to defendant's facial challenge to the enforcement of CCL and FOID card licensure through section 24-1.6(a)(1), (a)(3)(A-5). For the reasons expressed in *Bruen* itself, Illinois's shall-issue regime is not facially unconstitutional under the second amendment." *Id.* ¶ 53.

¶ 5    To avoid *Thompson*'s clear ruling, Crosby argues his case is "not controlled" by it because he is "not subject to a shall-issue [licensing] scheme." We disagree. Crosby's ineligibility for a FOID card due to his criminal history does not exempt him from Illinois's statewide licensing requirements for all individuals. *Thompson* specifically notes that "a FOID card applicant must submit proof that he or she *** has not been convicted of a felony," clearly showing that the Illinois Supreme Court considered this factor in its ruling. *Id.* ¶ 19.

¶ 6    Crosby also suggests we follow the dissenting opinion in *Thompson* instead of the majority. This is not something we can do. See *People v. Artis*, 232 Ill. 2d 156, 164 (2009) (decisions of the Illinois Supreme Court are binding on all lower courts); *Giese v. Boyce,* 2024 IL App (3d) 240116-U, ¶ 32 (declining to adopt the dissent's rationale over the Supreme Court's majority decision).

¶ 7    *Thompson* controls this case and forecloses Crosby's facial challenge to the FOID provision of the AAUW statute. Accordingly, we affirm his conviction.

¶ 8    Affirmed.