**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

2022 IL App (3d) 210425-U

Order filed December 27, 2022

_____

IN THE

APPELLATE COURT OF ILLINOIS

THIRD DISTRICT

2022

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) ) ) | Appeal from the Circuit Court of the 9th Judicial Circuit, McDonough County, Illinois, |
| Plaintiff-Appellee, | ) ) | |
| v. | ) ) ) | Appeal No. 3-21-0425 Circuit Nos. 19-CF-218, 19-DT-116, and 19-TR-1937 |
| ARIEL HARRISON, | ) ) ) | Honorable William E. Poncin, |
| Defendant-Appellant. | ) | Judge, Presiding. |

_____

JUSTICE PETERSON delivered the judgment of the court.
Justice Hettel and Justice Davenport concurred in the judgment.

_____

**ORDER**

¶ 1       *Held*:   The State proved defendant guilty of aggravated battery beyond a reasonable doubt. Posttrial counsel provided ineffective assistance.

¶ 2       Defendant, Ariel Harrison, appeals her conviction for aggravated battery. Defendant argues the State failed to prove her guilty beyond a reasonable doubt. Defendant also argues posttrial counsel provided ineffective assistance for failing to file an assessment waiver. We affirm and remand for further proceedings.

¶ 3                                    I. BACKGROUND

¶ 4        Defendant was charged with driving while under the influence (DUI) (625 ILCS 5/11-501(a)(2) (West 2018)) in case No. 19-DT-116, and improper lane usage (*id.* § 11-709) in case No. 19-TR-1937. Additionally, defendant was charged with aggravated fleeing or attempting to elude a peace officer (*id.* § 11-204.1(a)(4)), aggravated battery (720 ILCS 5/12-3.05(d)(4)(i) (West 2018)) and resisting a peace officer (*id.* § 31-1(a)) in case No. 19-CF-218. Relevant to this appeal, the aggravated battery charge alleged that "[defendant] while committing a battery *** knowingly made contact of an insulting or provoking nature with McDonough County Correctional Officer Kristena Johnson, *** in that the defendant slipped out of her handcuffs and forcibly grabbed *** Johnson by the collar."

¶ 5        In defendant's affidavit of assets and liabilities, she stated she was unemployed and received supplemental security income and temporary assistance for needy families. The court modified defendant's bail from $50,000 to $10,000. Defendant deposited 10% of the amount of bail. The court appointed a public defender to represent defendant and the matter proceeded to a bench trial.

¶ 6        At trial, Jake Lucas, a firefighter for the Macomb Fire Department, testified he was driving home when he noticed a black Trailblazer coming toward him, swerving on the road. Lucas drove into a yard to avoid the vehicle. Lucas called the police. He followed the vehicle and provided the license plate number to the police. When the police arrived, Lucas identified the Trailblazer to an officer. The officer activated his emergency lights and pursued the vehicle.

¶ 7        Officer Zachary Hill testified that he responded to Lucas's call. When Hill arrived at the scene, he observed a van following a black Trailblazer. Lucas exited the van and identified the black Trailblazer as the vehicle he reported. Hill activated the emergency lights on his squad car.

The Trailblazer initially remained stationary and then rolled through a stop sign and turned right. Hill observed the Trailblazer drive in both lanes of traffic and swerved within its lane. The Trailblazer struck a curb and briefly came to a stop. The Trailblazer then quickly accelerated and continued down the road. The Trailblazer straddled the middle line, drove in both lanes, and swerved in its own lane. The Trailblazer also rolled past a second stop sign. The Trailblazer eventually stopped in the middle of an intersection.

¶ 8        Hill testified that he exited his vehicle, approached the Trailblazer, and opened the driver's side door. He instructed the driver to exit the vehicle. The driver yelled at Hill, refused to exit the vehicle, and said she did not do anything. Hill again instructed the driver to exit the vehicle. Hill physically removed the driver from the vehicle. Hill took the driver to the ground and handcuffed her. The driver refused to stand up and prevented the officers from lifting her off the ground. The driver's eyes were bloodshot, and she smelled of alcohol. Hill identified defendant as the driver.

¶ 9        Hill arrested defendant for DUI. Hill and Police Officer Gavin Steiger placed defendant into the back of Steiger's squad car. Steiger transported defendant to the McDonough County jail where they were met by correctional officers Kristena Johnson and Aaron Comrie. The officers asked defendant to exit the vehicle. Defendant refused. The officers physically removed defendant from the vehicle. The rear-camera of Steiger's squad car recorded the incident. The recording of the incident was admitted into evidence at trial.

¶ 10        In the recording, Steiger opens the rear passenger-side door and asks defendant to exit the vehicle. She refuses. Johnson remains at the open door while Steiger runs around to the other side. Johnson says: "Either get out or I pull you out. Your choice." Defendant retorts: "Well pull me out then." Steiger opens the opposite door and begins to push defendant out of the vehicle

3

while simultaneously Johnson starts pulling defendant out. Defendant lunges at Johnson and grabs Johnson's collar. Johnson informs the other officers that defendant is out of her handcuffs. A brief struggle ensues before the officers remove defendant from the vehicle.

¶ 11     The court observed that defendant concealed that she was not handcuffed. The court determined that defendant lunged at Johnson and grabbed her. The court found defendant guilty of aggravated battery, resisting a peace officer, DUI, and improper lane usage.

¶ 12     Defendant filed a motion to reconsider judgment or for new trial. Defendant's appointed counsel withdrew because defendant hired private counsel. The court denied the motion.

¶ 13     The court sentenced defendant to two concurrent two-year terms of probation for aggravated battery and resisting a peace officer, and two years' court supervision for DUI. The court ordered only court costs on the improper lane usage conviction. The court—recognizing defendant's financial situation—excused defendant from paying probation fees. But the court imposed the following assessments: $1011 for aggravated battery, $579.50 for resisting a peace officer, $1381.50 for DUI, and $342.50 for improper lane usage. The court applied defendant's $1000 bond to the $1011 fee for aggravated battery. The court said: "the Court believes that [defendant] may qualify for a criminal assessment waiver pursuant to statute. *** If you wish to do that, you will need to file an application within 30 days of today's date. If you have any questions about that, I'm sure [posttrial counsel] can provide you some additional information." Posttrial counsel did not file a waiver application. Defendant appeals.

¶ 14                                                II. ANALYSIS

¶ 15                                       A. Sufficiency of the Evidence

¶ 16     Defendant argues the State failed to prove her guilty of aggravated battery beyond a reasonable doubt where it did not prove that she knowingly made contact of an insulting or

4

provoking nature with Johnson. Instead, defendant contends the recording shows that she "reflexively grabbed Johnson's collar" as Steiger pushed her out of the vehicle to prevent her from falling on the ground.

¶ 17    When a defendant makes a challenge to the sufficiency of the evidence, " 'the relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.' " (Emphasis in original.) *People v. Collins*, 106 Ill. 2d 237, 261 (1985) (quoting *Jackson v. Virginia*, 443 U.S. 307, 319 (1979)). "When presented with a challenge to the sufficiency of the evidence, it is not the function of this court to retry the defendant." *Id.* "A conviction will be reversed only where the evidence is so unreasonable, improbable, or unsatisfactory that it justifies a reasonable doubt of the defendant's guilt." *People v. Belknap*, 2014 IL 117094, ¶ 67.

¶ 18    As charged in this case, a person commits battery if she knowingly makes physical contact of an insulting or provoking nature with an individual without legal justification. 720 ILCS 5/12-3(a) (West 2018). That charge is elevated to an aggravated battery if she knows the individual battered is a peace officer performing her duties. *Id.* § 12-3.05(d)(4)(i). A person acts knowingly when she is consciously aware that the result (physical contact) is practically certain to be caused by her conduct. *Id.* § 4-5.

¶ 19    Contrary to defendant's assertion on appeal, she did not incidentally grab Johnson's collar to prevent a fall. The trial testimony and video recording establish that the officers asked defendant to exit the vehicle, she refused to comply, which forced the officers to forcibly remove her from the vehicle. While removing defendant, defendant lunged at Johnson, grabbed her

collar, and struggled with the officers after slipping out of her handcuffs. Viewed together, this evidence established that defendant intentionally lunged at Johnson.

¶ 20    Additionally, the record establishes that defendant's conduct was not merely accidental but was intended to insult or provoke Johnson. Defendant's conduct was preceded by her refusal to exit the vehicle and challenge the officers to remove her from the back seat. Even after the officers removed defendant from the squad car, she remained belligerent and attempted to engage in an altercation with the officers. Viewed in the light most favorable to the State, this evidence proved beyond a reasonable doubt that defendant intentionally made provoking or insulting contact with Johnson.

¶ 21                                   B. Ineffective Assistance

¶ 22    Defendant argues posttrial counsel was ineffective for failing to file an assessment waiver.

¶ 23    A criminal defendant has a constitutional right to effective assistance of counsel. U.S. Const. amend. VI; *Strickland v. Washington*, 466 U.S. 668, 686 (1984). "Ineffective-assistance-of-counsel claims concerning a sentencing hearing must show that counsel's performance fell below minimal professional standards and that a reasonable probability exists that the sentence was affected by the poor performance." *People v. Steidl*, 177 Ill. 2d 239, 257 (1997).

¶ 24    Upon application for an assessment waiver by any defendant, the court shall exempt her from paying any assessments if the court finds that defendant is indigent. 725 ILCS 5/124A-20(b)(1) (West 2018). A person is indigent if they receive supplemental security income or temporary assistance for needy families. *Id.* § 124A-20(a)(1).

¶ 25    Here, defendant qualified for an assessment waiver as her statement of assets and liabilities indicated that she was indigent because she received supplemental security income and

6

temporary assistance for needy families. Additionally, the court stated at the sentencing hearing that defendant might qualify for an assessment waiver. Despite these indications that a waiver request was warranted, posttrial counsel did not request one. Accordingly, posttrial counsel's performance was deficient for failing to file an application for an assessment waiver. Further, counsel's deficient performance prejudiced defendant because, on the record before us, defendant qualified for an assessment waiver which would have relieved a portion of the financial burden that resulted from her convictions. Accordingly, we remand the matter to provide defendant an opportunity to file an assessment waiver.

¶ 26                                             III. CONCLUSION

¶ 27        The judgment of the circuit court of McDonough County is affirmed and remanded for further proceedings.

¶ 28        Affirmed and remanded for further proceedings.