**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

2024 IL App (3d) 220513-U

Order filed April 3, 2024

_____

IN THE

APPELLATE COURT OF ILLINOIS

THIRD DISTRICT

2024

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) ) ) | Appeal from the Circuit Court of the 12th Judicial Circuit, Will County, Illinois, |
| Plaintiff-Appellee, | ) ) | |
| v. | ) ) | Appeal No. 3-22-0513 Circuit No. 21-CF-1738 |
| NATASHA BRADFORD, | ) ) ) | Honorable Amy M. Bertani-Tomczak |
| Defendant-Appellant. | ) | Judge, Presiding. |

_____

PRESIDING JUSTICE McDADE delivered the judgment of the court.
Justices Hettel and Albrecht concurred in the judgment.

_____

**ORDER**

¶ 1    *Held*:  (1) Defendant's convictions for aggravated battery violated the one-act, one-crime rule. (2) Defense counsel was ineffective for failing to file an assessment waiver.

¶ 2    Defendant, Natasha Bradford, was convicted of two counts of aggravated battery. On appeal, defendant argues that her convictions violate the one-act, one-crime rule. Defendant further contends that defense counsel was ineffective for failing to file an assessment waiver. We affirm in part, vacate in part, and remand for further proceedings.

¶ 3                               I. BACKGROUND

¶ 4          Defendant was charged with four counts of aggravated battery (720 ILCS 5/12-3.05(d)(1), (7) (West 2020)) for spraying Pace bus driver Linda Koonce with pepper spray. Relevant to this appeal, count I alleged defendant knowingly and without legal justification made physical contact of an insulting or provoking nature with Koonce, knowing Koonce to be a transit employee engaged in the performance of her official duties. Count III similarly alleged that defendant caused bodily harm to Koonce.

¶ 5          Defendant stated during her arraignment and in her affidavit of assets and liabilities that she was unemployed and receiving food stamp benefits through the Supplemental Nutrition Assistance Program (SNAP). The court appointed the public defender and later modified defendant's bail from $20,000 to a recognizance bond. The matter proceeded to a bench trial and defendant was found guilty on all counts. The State later dismissed defendant's convictions as to counts II and IV at a posttrial hearing.

¶ 6          Defendant's presentence investigation report (PSI) indicated defendant was working two part-time jobs and receiving section 8 housing and state aid for financial assistance. At sentencing, the court merged counts I and III and imposed a term of 24 months' probation. The sentence also included $2119 in fines and assessments. Defendant appealed and the court appointed the Office of the State Appellate Defender (OSAD).

¶ 7                               II. ANALYSIS

¶ 8                          A. One-Act, One-Crime Rule

¶ 9          On appeal, defendant first argues that her convictions violate the one-act, one-crime rule because they are based on the same physical act: spraying Koonce with pepper spray. At the onset, defendant acknowledges she has forfeited this claim by not raising the issue in circuit

2

court and requests plain error review. The plain error doctrine permits the review of an unpreserved error

> "when (1) a clear or obvious error occurred and the evidence is so closely balanced that the error alone threatened to tip the scales of justice against the defendant, regardless of the seriousness of the error, or (2) a clear or obvious error occurred and that error is so serious that it affected the fairness of the defendant's trial and challenged the integrity of the judicial process, regardless of the closeness of the evidence." *People v. Piatkowski*, 225 Ill. 2d 551, 565 (2007).

Our supreme court has held that violations of the one-act, one-crime rule affect the integrity of the judicial process and are therefore reviewable under the second prong of the plain error doctrine. *People v. Smith*, 2019 IL 123901, ¶ 14. The first step in plain error review is to determine whether an error occurred. *Id.*

¶ 10    Convictions for multiple offenses based on the same physical act are prohibited under the one-act, one-crime rule. *People v. Coats*, 2018 IL 121926, ¶ 11. When more than one conviction is predicated on the same physical act, a sentence should be imposed for the most serious offense and the lesser offenses should be vacated. *People v. Artis*, 232 Ill. 2d 156, 170 (2009). As a matter of law, we review *de novo* whether a violation of the rule occurred. *Smith*, 2019 IL 123901, ¶ 15.

¶ 11    Here, defendant was convicted on two counts of aggravated battery based on the same physical act: spraying Koonce with pepper spray. Of the two convictions, aggravated battery causing bodily harm (count III) is the most serious offense. See *People v. Young*, 362 Ill. App. 3d 843, 853 (2005) (holding a battery conviction based on bodily harm is more serious than battery

3

based on insulting or provoking contact). The State concedes, and we accept, that count I should be vacated pursuant to the one-act, one-crime rule. Accordingly, we vacate defendant's conviction as to count I and affirm defendant's conviction as to count III.

¶ 12                                    B. Ineffective Assistance

¶ 13       Defendant further contends that trial counsel provided ineffective assistance by failing to file an assessment waiver (725 ILCS 5/124A-20 (West 2020)). Specifically, defendant asserts that she qualified for the waiver because she was receiving SNAP benefits. Defendant argues she was prejudiced by counsel's failure to file because there is a reasonable probability that the waiver would have alleviated the financial burden created by the imposition of assessments as part of her sentence.

¶ 14       A criminal defendant is entitled to the effective assistance of counsel as a constitutional right. U.S. Const., amend.VI; *Strickland v. Washington*, 466 U.S. 668, 686 (1984). An ineffective assistance of counsel claim regarding sentencing cannot prevail unless defendant demonstrates that counsel's performance fell below minimal professional standards and a reasonable probability exists that the sentence was affected by counsel's deficient performance. *People v. Steidl*, 177 Ill. 2d 239, 257 (1997).

¶ 15       Section 124A-20(b)(1) of the Code of Criminal Procedure of 1963 provides that if a defendant applying for an assessment waiver is found to be indigent, the court must exempt the defendant from payment of any assessments by granting the waiver in full. 725 ILCS 5/124A-20(b)(1) (West 2020). A person is considered indigent under the statute if:

> "(1) He or she is receiving assistance under one or more of the following means-based governmental public benefits programs: Supplemental Security Income; Aid to the Aged, Blind and Disabled;

4

Temporary Assistance for Needy Families; [SNAP]; General Assistance; Transitional Assistance; or State Children and Family Assistance.

(2) His or her available personal income is 200% or less of the current poverty level, unless the applicant's assets that are not exempt under Part 9 or 10 of Article XII of the Code of Civil Procedure are of a nature and value that the court determines that the applicant is able to pay the assessments.

(3) He or she is, in the discretion of the court, unable to proceed in an action with payment of assessments and whose payment of those assessments would result in substantial hardship to the person or his or her family." *Id.* § 124A-20(a).

¶ 16     Here, defendant met the criteria to qualify for an assessment waiver, as she indicated in court during her first appearance and in her statement of assets and liabilities that she was receiving SNAP assistance. Therefore, counsel's performance was deficient for failing to file an application for an assessment waiver. See *People v. Harrison*, 2022 IL App (3d) 210425-U, ¶ 25. Further, because the record reflects that defendant qualified for the waiver, a reasonable probability exists that she would have been exempt from the imposed assessments if counsel had filed the application. As defendant has demonstrated she was prejudiced by counsel's deficient performance, we remand the matter to afford defendant the opportunity to file an assessment waiver.

¶ 17     In coming to this conclusion, we reject the State's contention that the record lacked sufficient evidence to establish that defendant would have qualified for the waiver at the time of sentencing because her PSI did not include specific information showing she was still receiving

5

SNAP benefits. In support of this assertion, the State relies on *People v. Baker*, 2022 IL App (4th) 210713. In *Baker*, the defendant claimed the appointment of OSAD qualified her as indigent under section 124A-20(a)(3) because assessment payments would result in a substantial hardship. *Id.* ¶ 83. The court held that appointment of OSAD alone was not sufficient to demonstrate a substantial hardship. *Id. Baker* is further distinguishable because the defendant had posted a $5000 cash bond that covered the assessments in full and the remainder was refunded to the defendant. *Id. Baker* did not, however, hold that a defendant only qualifies for an assessment waiver if they meet the criteria for indigency at the exact moment of sentencing. Rather, section 124A-20(b) provides that any defendant can apply for an assessment waiver after the commencement of an action, but no later than 30 days after sentencing. 725 ILCS 5/124A-20(b) (West 2020). Therefore, defense counsel could have filed for an assessment waiver at any time during the pendency of the proceedings based on defendant's affidavit of assets and liabilities, which established she received SNAP. See *Harrison*, 2022 IL App (3d) 210425-U, ¶ 25 (defendant qualified for an assessment waiver based on her affidavit of assets and liabilities indicating she received supplemental security income and temporary assistance for needy families). Additionally, defendant's PSI generally stated she was receiving financial assistance from the state. There is a reasonable probability that the state aid she was receiving was in the form of SNAP assistance or another program that meets the criteria under section 124A-20(a)(1). In the alternative, even if it did not meet those criteria, the financial assistance and section 8 housing benefits she was receiving suggest she would have had a substantial likelihood of qualifying for a waiver under either section 124A-20(a)(2) or (3).

¶ 18                                    III. CONCLUSION

¶ 19    The judgment of the circuit court of Will County is affirmed in part, vacated in part, and remanded to provide defendant or her counsel the opportunity to file an assessment waiver.

¶ 20    Affirmed in part, vacated in part, and remanded for further proceedings as indicated.